JACOB SPELL *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 238.]

CRIMINAL LAW. *Identity of person. Instruction.*

> A defendant, whose identity with the actor in the crime charged against him, is in dispute, is entitled to an instruction announcing that there is no presumption that he made certain tracks, traced from the place of the crime in the direction of defendant's home, or wore the shoes making them, and that it must be shown he made the tracks or wore the shoes that made them before they can be weighed as evidence against him; and it is error to weaken the instruction by adding matters in respect to which the court had already fully instructed the jury.

FROM the circuit court of Covington county.

HON. ROBERT L. BULLARD, Judge.

Spell, the appellant, a negro, was indicted and tried for an attempt to rape, convicted, and sentenced to the penitentiary for ten years, and appealed to the supreme court.

The prosecutrix, a Madame Quick, testified that she was aroused from her sleep at night by some one touching her body, which was partially uncovered; that she dimly perceived some one upon her bed, leaning over her; that on her screaming the person retreated, jumping through an open window, and disappeared, and that she could not say who the person was, whether a white person or a negro. The marshal of the town of Collins testified that certain shoes having peculiar indentations in the heels, belonged to appellant, were found in his possession, and fitted some tracks which he traced from the window of the house where prosecutrix claims to have been assaulted to the home of appellant. Appellant offered no evidence.

*R. L.,* and *E. L. Dent,* for appellant.

There was no evidence to sustain a conviction of any kind against the appellant. Even if the question of identity of the

appellant be eliminated, how can it be claimed that the offense was an attempt to rape, rather than a mere assault or a mere solicitation for sexual intercourse? Under the meager facts tending to incriminate appellant the court below should have instructed the jury to find for the appellant. *Saddler* v. *State,* 12 Tex., 194; *Dorsey* v. *State,* 108 Ga., 477; *State* v. *Massey,* 86 N. C., 658. As said in the opinion of the court in *Green* v. *State,* 67 Miss., 326 (s.c., 7 South. Rep., 326), "unless violent presumptions are drawn from the rape instinct of the African, the verdict is wholly unsupported by the evidence."

As there was no evidence to support the conviction, or even in any way to connect the appellant with the alleged offense, the case should be reversed. *Anderson* v. *State,* 82 Miss., 784 (s.c., 35 South. Rep., 202); *Monroe* v. *State,* 71 Miss., 196 (s.c., 13 South. Rep., 884); *Harvey* v. *State,* 26 South. Rep., 931.

*Garrard Harris,* on the same side.

The only evidence offered by the state to connect the appellant with the alleged crime was the testimony of the town marshal to the effect that a pair of shoes belonging to appellant, and found in appellant's home the morning after the offense, fitted certain tracks leading from the window of Madame Quick's dwelling house toward appellant's home. The marshal testified that he only tried the shoes in "several" of the tracks, not all of them. There was no testimony to show when these tracks were made. They may have been made several days before the pretended assault. Certainly such circumstantial evidence was insufficient to sustain a conviction on a charge so serious as this against appellant. *Caleb* v. *State,* 39 Miss., 721; *Pitts* v. *State,* 43 Miss., 472; *Johns* v. *State,* 24 Miss., 569.

Under the circumstances, it was error in the court below to refuse to grant the seventeenth instruction asked by appellant, until modified as shown in the record. This instruction, as at first written and presented to the court to be granted, was a cor-

rect enunciation of law. The principles covered by the modification had already been many times repeated in other instructions.

*R. V. Fletcher,* assistant attorney-general, for the appellee.

The evidence disclosed that the shoes belonging to the appellant fitted the tracks leading from the window. The shoe for the owner's right foot had a certain peculiarity or indentation in the heel, and certain of the tracks corresponded to this peculiarity. This was certainly a strong circumstance tending to show appellant's guilt under the circumstances. As regards the identity of the appellant, I, however, respectfully refer the court to the evidence, without comment.

WHITFIELD, C. J., delivered the opinion of the court.

The crux of this case was the query: Is the defendant the person who committed this crime? The only evidence as to the identity of the defendant is certain testimony as to the tracks and the fitting of the shoes of defendant in some of these tracks. It was of the last importance to a fair trial that the question of identity should have been properly guarded by instructions. On this meager testimony as to the identity the appellant asked instruction No. 17, reading as follows: "The court instructs the jury that there is no presumption that defendant made tracks between his home and that of Madame Quick, or that he wore the shoes that made them. Before the tracks can be weighed against him, it must be shown by evidence that he made them, or wore the shoes that made them." This was a perfectly correct instruction, peculiarly applicable on the question of identity, and should have been given as asked. The court refused to so give it, but gave it after adding this sentence: "Unless it appears from all the proven facts and circumstances in the case beyond a reasonable doubt that such was the fact." This addition was improper. The principle the modification announced had already been covered, over and over, in the instructions,

and defendant should have had his instruction on identity given precisely as asked. This error, on the meager testimony, is fatal.

*Reversed and remanded.*