[No. 3306.    May 11, 1929.]

STATE v. MARTINEZ et al.

[278 Pac. 210.]

D. J. Leahy of East Las Vegas, for appellants.

M. A. Otero, Jr., Atty. Gen., J. A. Miller, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

SIMMS, J.   Jose Tomas Martinez and his son Adonias were jointly informed against for the murder of Desiderio Grine.   Following a preliminary examination before a magistrate, they were tried and convicted of murder in the second degree, and appeal.

Appellants first allege error in the action of the trial court in sustaining the state's challenge for cause to the juror Bustos, and overruling defendants' challenges for cause to jurors Ortega and Manzanares.   There being, however, no claim made that the jurors, who were in fact accepted and who tried the case, were either disqualified or unfair, the defendants have no ground for complaint.   They were not entitled to have any particular juror sit unless and until he was accepted and sworn. State v. Rodriguez, 23 N. M. 165, 167 P. 426, L. R. A. 1918A, 1016; State v. Leatherwood, 26 N. M. 509, 194 P. 600.   The contention here is similar to that in State v. Vigil, 33 N. M. 365, 266 P. 920, where we held against the same.

Next it is claimed that the trial court committed reversible error in stopping cross-examination of the widow of the slain man as to a certain question.   Counsel for defendant asked Florita Grine the following question with reference to her small son Juan's testimony:

"Q.   Now if Juan says that he ran clear across the bridge and met you about three steps on the other side of the bridge, and that right then the second shot was fired, Juan is mistaken, isn't he?

"The Court:   Don't answer that question; that is improper."

The witness had previously testified to a state of facts which counsel for appellants thought inconsistent with those included in the question as Juan's version of the affair.   There was no error in the ruling.   It is not proper to ask the opinion of one witness as to the credibility of another witness.   It is the exclusive province of the jury to determine who has sworn the truth.

"The tribunal will not listen to conclusions or opinions from persons who possess no more skill than the tribunal itself in drawing inferences from the premises."

Wigmore on Evidence (2d Ed.) par. 679. See, also, Davis v. Collins, 69 S. C. 460, 48 S. E. 469. In State v. Pruett, 22 N. M. 223, 160 P. 362, L. R. A. 1918A, 656, this court discussed the general question, holding to the same effect. See, also Territory v. Claypool, 11 N. M. 579, 71 P. 463.

■ Under point 5 of his brief, counsel for appellants complains of the trial court's refusal to allow him to further cross-examine Mrs. Grine, the widow, about whether her husband had owned a pistol previous to the killing. We think the court gave counsel ample leeway in the examination of the witness, and his action in terminating the cross-examination was within his sound discretion and was not error. Territory v. Claypool, 11 N. M. 568, 71 P. 463; State v. Carter, 21 N. M. 166, 153 P. 271; State v. Starr, 24 N. M. 193, 173 P. 674.

3½. Appellants next challenge the action of the court in taking from the jury the testimony of Tito Melendez to the effect that defendant Jose Tomas Martinez bore a good reputation for quiet and peaceable habits. But we find that the court did not take it from the jury. He overruled the district attorney's motion that he do so, and ruled with the defendants. They have no ground for complaint.

■ The next point relied upon is that the court refused to permit defendants to prove that the place where the killing occurred was "the landed estate" of defendant Jose Tomas Martinez, and that intoxicating liquors were not sold thereon, citing sections 1701, 1702, and 1703 of the Codification of 1915. These sections have to do with carrying deadly weapons, which is permitted on "the landed estate" of the owner, provided liquor is not sold on the premises. Clearly these sections are not in any manner material to the present cause. Defendants were not on trial charged with carrying concealed weapons either on or off their landed estate. They were tried for murder. The trial court was right in refusing to let this

cause be turned into a contest to try title to the real estate which was the scene of the killing. Such an inquiry was both immaterial and improper.

What we have said above also disposes of defendants' claim that error was committed in not permitting them to prove payment of taxes on the land where the killing occurred, and in refusing to let them prove that intoxicating liquors were not sold thereon.

Appellants complain that the court erred in permitting the district attorney to ask defendant Jose Tomas Martinez why he did not go to court and take legal steps to prevent deceased from committing trespass on his (Martinez's) land. Appellants contend that under sections 1701, 1702, and 1703, supra, the defendant had a clear right to protect his property from trespass by deceased, and, so long as defendant acted in a peaceable manner, he was within his rights. The trouble with this contention is that defendants were not on trial for peaceably protecting their property; they were charged with having murdered the deceased. The district attorney's question was fairly designed to test and bring out the defendant's state of mind towards deceased, prior to and at the time of the shooting. As such, it was proper cross-examination. Even if deceased was a trespasser, taking his life for that reason was not justifiable. Wharton on Homicide (3d Ed.) par. 526; Territory v. Lynch, 18 N. M. 33, 133 P. 405; State v. McCracken, 22 N. M. 593, 166 P. 1174; State v. Casad, 28 N. M. 123, 207 P. 64.

By his points 11 and 12, appellants' counsel claims that reversible error was committed in denying his motion to dismiss at the conclusion of the testimnoy on the whole case, upon the following grounds:

(a) The information alleged the name of deceased as Desiderio Grine and the proof showed it to be Jose Desiderio Grine.

(b) The defendants were given a preliminary examination on a charge of murdering Desiderio Grine, but had never had such examination on a charge of murdering Jose Desiderio Grine.

(c) The trial court erred in permitting the district attorney to amend the information, after the testimony was closed but before the case was sent to the jury, by writing in the word "Jose" before the words ".Desiderio Grine."

A careful examination of the entire record shows that all parties, both prosecution and defense, referred to the deceased as "Desiderio Grine," and there is not the slightest doubt as to the identity of the deceased, nor as to how he was killed, nor as to whom the defendants thought and understood they were being tried for killing. No doubt the deceased, Desiderio Grine, was baptised "Jose Desiderio Grine." And, likewise, from the testimony, it is evident that all his neighbors knew him as "Desiderio," and even the defendants referred to him by that name. We also find the elder of the defendants, Jose Tomas Martinez, referred to in the testimony several times by witnesses as "Tomas"; like the deceased, he had the baptismal name of "Jose," and yet there was not the slightest question as to whom the witnesses referred. Under such circumstances, we conclude that the failure to describe the deceased by the name "Jose" in the information did not cause a material or fatal variance. 30 C. J. "Homicide," par. 335.

Nor did the failure to include the name "Jose" in the preliminary proceedings before the magistrate vitiate such proceedings as the basis for the trial and conviction. Since all parties concerned knew deceased by the two names, as is evident, failure to add the word "Jose" to deceased's name was immaterial. Section 15, c. 145, Laws of 1925, reads as follows:

*"Immaterial Informalities To Be Disregarded.* No indictment or information is insufficient, nor can the trial, judgment or other proceeding thereon, be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We next examine the claim of error based on the action of the trial court in permitting the name "Jose" to be interlined in the information, after both the state and defense had closed and rested, and before argument

or instructions. Section 3 of chapter 145, Laws of 1925, reads as follows:

"*Information May Be Amended.* An information may be amended in matter of substance or form at any time before the defendant pleads, without leave and may be amended after plea on order of the Court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial unless for good cause shown by affidavit."

The record shows the following:

"Judge Leahy: I desire to make a motion in the absence of the jury.

"Defendants now move the Court that this cause against these two defendants be dismissed for the following reasons, to-wit:

"(1) The State of New Mexico has failed to prove that the defendants or either of them committed the crime charged in the Information filed in this case.

"(2) The Information in this case charges that the defendants killed one Desiderio Grine, if the evidence in this case shows anything, to my mind it shows that the person killed by Tomas Martinez was Jose Desiderio Grine and not Desiderio Grine.

"The Court: I will say that the District Attorney, during the trial of this case, asked for permission to change the name in the Information, to make it read 'Jose Desiderio Grine' instead of 'Desiderio Grine.' Whether or not those changes have been made in the Information, I don't know, but they were authorized to be made.

"Judge Leahy: The case is now closed by both the State and the defense has also closed their case, and, as I view the law, the State cannot now reopen its case after the defendants have closed their case. The Information still charges the defendants with the killing of Desiderio Grine. I am well aware of the fact that the 1925 statute permits amendments, provided they are made at the proper time. This being a case of murder in the first degree, the well known rule of law applies, that those pleadings shall be construed strictly. The information has not been amended up to the present time and the case is closed by both parties, so the Information cannot, even under that liberal statute, be lawfully amended at this time.

"Mr. Hunker: I wish to state, your Honor, that permission was given us to amend this Information, and I asked the Court this morning whether I should write the name 'Jose' in then and the Court said I could do it any time before the case went to the jury. Now, at this time, I ask permission to write the name 'Jose' in the places I previously mentioned in the motion, which permission was given me.

"Judge Leahy: The Court can grant only such permission authorized by the statute and no other.

"Mr. Hunker: That is what I am asking.

"The Court: Permission was granted several days ago to do that in order to make the record, so all that remains to be done is the physical act of writing in the word 'Jose' in the places mentioned and making the name read 'Jose Desiderio Grnie' where it now appears as 'Desiderio Grine.' I will permit Mr. Hunker to make the amendments.

"Judge Leahy: Defendants now object to the Court permitting the case of the state to be reopened and the Information amended, since the case has been closed by both the State and the defendants, and except to the action of the Court in so doing.

"The Court: Is that the only motion you are going to make?

"Judge Leahy: No, sir, but I desire a ruling on this motion before I make another one.

"The Court: The motion will be overruled.

"Judge Leahy: Exception to the ruling of the Court in refusing to dismiss the case."

Section 3 of chapter 145, Laws of 1925, supra, authorized the action of the court and especially so under the circumstances which surrounded the trial. Nor did the defendants claim they had been surprised, or otherwise prejudiced. They stood solely on the technicality that the case had been closed, but it was within the sound discretion of the trial court to reopen it for a formal matter, such as the addition of a word to the information where, as here, no prejudice could have resulted. In doing so, no error was committed. State v. Foster, 28 N. M. 273, 212 P. 454.

7½. Appellants contend that the court erred in giving certain instructions to the jury, over objection. As to several of them, the ground is that the instructions contained the name of "Jose Desiderio Grine" as the person killed, instead of Desiderio Grine, as originally charged. What we have already said disposes of this objection.

■ Next, Adonias Martinez complains that, as to him, instruction No. 25 was erroneous and prejudicial because the instruction assumed that his plea was self-defense, when, in fact, his contention was that he did not shoot or strike the deceased at all. He is prevented from raising this question here for two reasons:

(a) Because counsel for defendants, in examining juror Manzanares, announced that self-defense would be

the plea of defendants, and later submitted his requested instruction No. 7 on the question of self-defense, without limiting it to the other defendant only. Having taken his ground in the trial court, defendant cannot shift it here. Territory v. West, 14 N. M. 554, 99 P. 343; State v. Ogden, 20 N. M. 646, 151 P. 758; State v. Hunt, 26 N. M. 163, 189 P. 1111; State v. Douthitt, 26 N. M. 539, 194 P. 879.

■ Because he failed to call attention to the alleged error in the instruction No. 25 during trial. The following is the only objection made:

"Judge Leahy: No, only I think I will make this objection to No. 25. Defendants object to said instruction and state that, while instruction No. 25 is a correct statement of the law, as an abstract proposition, it has not a proper application to the facts in this case."

Since this objection neither points out the error in the instruction, if any, nor furnishes a proper instruction, in lieu thereof, it raises no reviewable question. Territory v. Leslie, 15 N. M. 247, 106 P. 378; State v. Gonzales, 19 N. M. 467, 144 P. 1144; State v. Orfanakis, 22 N. M. 112, 159 P. 674; State v. Graves, 21 N. M. 556, 157 P. 160; State v. Johnson, 21 N. M. 432, 155 P. 721; State v McKnight, 21 N. M. 14, 153 P. 76; State v. Starr, 24 N. M. 180, 173 P. 674.

■ Appellants contend that error was committed by the trial court in refusing their requested instruction No. 7 dealing with the law of self-defense, and say that the court did not cover the substance of the proposed instruction in those given. We think that, in instructions 22 to 26, inclusive, the court fully and fairly covered the question of self-defense. Defendants cannot complain of its failure to give cumulative instructions. State v. Bailey, 27 N. M. 155, 198 P. 529; State v. Vaisa, 28 N. M. 419, 213 P. 1038.

■ The final question raised is that the information upon which the defendants were put on trial and convicted was verified on information and belief only, and that therefore the trial court had no jurisdiction of the case. This objection is first made after plea, trial, and sentence.

It comes too late. State v. Trujillo, 33 N. M. 370, 266 P. 922.

Finding no error in the record, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY C. J., and PARKER, J., did not participate.