15 P.(2d) 685

### STATE v. MARTINEZ.
### No. 3713.

Supreme Court of New Mexico.
Aug. 19, 1932.

Rehearing Denied Nov. 10, 1932.

David Chavez, Jr., C. R. McIntosh, and Reed Holloman, all of Santa Fé, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

HUDSPETH, J.

The appellant, Pedro Martinez, was convicted of murder in the first degree, and from the judgment and sentence of death he has perfected this appeal.

On the 26th of December, 1930, at about 6:45 p. m., in the little village of Cerrillos in Santa Fé county, Apolonia Narvaiz was murdered by a person who fired a shot from the street through a glass door of the house in which the deceased was standing and at the moment engaged in winding a clock. Tracks made by new No. 9 shoes, bearing on the heels the imprint of the manufacturer's name, were found just outside the fence in the street opposite the door and in line with the course of the bullet which killed the deceased. The appellant, when arrested some two or three hours later, was wearing new No. 9 shoes with rubber heels on which was stamped the name of the same manufacturer as it appeared in the tracks.

The appellant, a man forty-four years of age, was jealous of the deceased and had threatened to kill her if she went with other men or returned to her husband, and he had been seen on several occasions near the house of the deceased at night, apparently spying upon her. On one occasion he was found at night near a back window outside the house of a neighbor where the deceased was a guest at supper, and appellant requested the party who discovered him not to mention the fact of his presence. On another occasion, he had a personal encounter with deceased's escort at a restaurant.

Appellant and deceased had attended a Christmas dance at Madrid, a village some three miles distant, the night before the killing, and the appellant returned home alone and stated to a friend, "I had a date but I came alone."

An hour before the homicide, appellant was seen loitering near the rooms of deceased, and a short time before the homicide, he followed the deceased and her twelve year old son for some distance as they were approaching the house where the deceased was killed. Appellant stopped behind a tree a short distance from the house. Some five minutes before the shot was fired, a man of about the height and weight of appellant was seen standing in the moonlight at or near the point from which the fatal shot was fired, and a man of about the height and weight of appellant was seen by other witnesses running away from the scene of the homicide immediately after the shot was fired. Appellant changed his clothing between 5:30 p. m. and the time of his arrest some three or four hours later, and prior to and at the time of his arrest, appellant was extremely nervous.

The foregoing facts and circumstances evidentiary of guilt of the appellant were established on sufficient evidence to warrant the jury in finding their existence, and other facts and circumstances, including the failure of appellant's witness to support his alibi and appellant's own improbable testimony, serve to confirm the conclusion established by the evidence of the state.

Appellant maintains that the court erred in admitting the testimony of Celso Lopez as to the tracks and the comparison of the tracks with the shoes of the appellant. On direct examination, this witness was asked:

"Q. Now, after your study and observation of these foot prints, measurement of them, at Cerrillos, did you compare them with the shoes actually on the feet of Pedro Martinez? A. Yes; we did.

"Q. How did they compare?"

Defendant's objection to the question was sustained. The comparison of the measurement of the shoes with the measurement of the tracks was brought out in the cross-examination:

"Q. Now, down there you say you made— Did I understand you to testify you made measurements of the tracks? A. Yes, sir. * * *

"Q. You say that the measurements you made were the same as the shoe he had on? A. Yes, sir.

"Q. And you know about the size of the shoe? A. No. 9."

The rule is stated in 16 C. J. p. 548, § 1051, as follows: "Likewise a witness who has measured the tracks and compared his measurement with the shoes of accused may testify to the results and that a correspondence exists in size and shape."

It was not error to admit this testimony. State v. Ancheta, 20 N. M. 19, 145 P. 1086; State v. Romero, 34 N. M. 494, 285 P. 497; State v. Barela et al., 23 N. M. 395, 168 P. 545, L. R. A. 1918B, 844; Lee v. State, 27 Ariz. 52, 229 P. 939; note, 31 A. L. R. 204.

██ Counsel for appellant strenuously argue that the court erred in refusing to give the following instruction requested by appellant: "You are instructed that there is no presumption that the Defendant made the tracks near the house where the killing occurred, and there is no presumption that he wore the shoes that made the tracks. Before the tracks can be weighed against the defendant, it must be shown by evidence that he made them or wore the shoes that made them."

The court fully instructed the jury on the credibility of witnesses, the weight of evidence, the presumption of innocence, reasonable doubt, and the defense of alibi, and gave the following instruction on circumstantial evidence, to which appellant objected on the ground, among others, that it did not contain the substance of the foregoing requested instruction: "By circumstantial evidence is meant the proof of such facts and circumstances connected with or surrounding the commission of the crime charged, as tend to show the guilt or innocence of the parties charged, and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such evidence is sufficient to authorize the jury in finding a verdict of guilty against the defendant. But you are instructed that before you will be authorized to find a verdict of guilty against the defendant in this case, the facts and circumstances shown in evidence must be incompatible upon any reasonable hypothesis with the innocence of the defendant, and incapable of explanation, upon any reasonable hypothesis other than that of the guilt of the defendant."

The requested instruction was taken from Spell v. State, 89 Miss. 663, 42 So. 238, in which case the only evidence of identity of the defendant was certain testimony as to the tracks and the fitting of shoes of defendant in some of the tracks. In the case at bar there are many facts and circumstances tending in some degree to prove the defendant's guilt, in addition to the tracks. The requested instruction violates the rule against giving undue prominence to one fact or circumstance. State v. Belisle, 22 N. M. 285, 161 P. 168; 16 C. J. § 2479, p. 1038; Hall v. State, 78 Fla. 420, 83 So. 513, 8 A. L. R. 1234. The rule is stated in 14 R. C. L. p. 780, as follows: "It is a dangerous practice to call special attention to an isolated fact and thus, by making it prominent, lead the jury to the opinion that it is of greater significance and weight than other unmentioned facts in the case which may be of no less importance, for the jury will feel bound to regard the fact, thus isolated for their consideration, as the controlling if not the only important fact in the cause which should govern them in making up their verdict. Therefore it is a general rule that an instruction should not single out particular facts and thereby give undue prominence to them. * * *"

██ The requested instruction tends to mislead the jury not only by giving too much prominence to the evidence of the tracks and their bearing on the case, but the language improperly limits the conditions under which this evidence may be considered. The proba-

tive significance of the evidence of the tracks may be small, but the weight to be given testimony of identification is a question for the jury. "Where the evidence is circumstantial, the state is properly permitted to show facts which, when standing alone, are without probative force, but when connected by evidence with other facts are material, even though they tend only remotely to establish the ultimate fact." 16 C. J. p. 562.

▪ Presumption of innocence and reasonable doubt are closely related, and the rule as to proof beyond a reasonable doubt does not apply to each particular fact or circumstance. "It is generally and properly said that this measure of reasonable doubt need not be applied to the specific detailed facts, but only to the *whole issue;* and herein is given opportunity for much vain argument whether the strands of a cable or the links of a chain furnish the better simile for testing the measure of persuasion." 5 Wigmore on Evidence (2d Ed.) § 2497. See Ex parte Jefferies, 7 Okl. Cr. 544, 124 P. 924, 41 L. R. A. (N. S.) 749 and note.

▪ Appellant's defense of an alibi was submitted to the jury by the court in instruction free from objection. The jury was told that all the evidence bearing upon the point should be carefully considered. The usual instructions on presumption of innocence and reasonable doubt were given. In State v. Roybal, 33 N. M. 187, 262 P. 929, 931, Mr. Justice Watson, speaking for the court, said: "It is well settled that, if there is a correct general instruction as to reasonable doubt, it need not be repeated when dealing with each element of the case." The same is true of an instruction on presumption of innocence. It was necessarily implied that the jury was to consider each and every portion of the evidence with these instructions in mind.

We find no merit in the objection and exception to the instruction on circumstantial evidence. The other requested instructions were either properly refused or sufficiently embodied in those given.

We have carefully examined the record. It shows that the case was submitted to the jury on substantial evidence and upon instructions which fully and fairly covered the respective theories of the state and of the appellant.

Finding no reversible error in the record, the judgment of the court is affirmed. It is so ordered.

BICKLEY, C. J., and WATSON and SADLER, JJ., concur.

PARKER, J., did not participate.