19 P.(2d) 742

**STATE v. RUSSELL.**

No. 3795.

Supreme Court of New Mexico.

Feb. 27, 1933.

James A. Hall, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

SADLER, Justice.

The defendant was convicted in the district court of Curry county of receiving stolen property, to wit, certain automobile tires of the value of $33.85, and sentenced to a term of not less than one year nor more than eighteen months in the state penitentiary. He prosecutes this appeal from the judgment of conviction rendered against him.

The conviction is based upon an information containing two counts charging defendant and another in the first count with larceny of the tires and in the second with receiving same knowing them to have been stolen. The trial court withdrew from the jury the larceny charge contained in the first count, submitting only the charge of unlawfully receiving the property. The verdict was guilty as to this defendant and not guilty as to his codefendant.

The tires in question were the property of Western Tire Stores, Incorporated, managed and owned by W. J. Patton. The latter testified that about July 9, 1931, he missed seven tires from his stock. At the time there had been in his employ for about two weeks a negro youth by the name of Booker T. Henry. The two defendants at the trial below are both youths of the same race as Henry. Investigating, to locate if possible the missing tires, Manager Patton observed a coupé on First street in Clovis with three of his tires on it. Inquiring of the occupants of the house near which the car stood, the defendant, Miles Craft, first asserted ownership of the car, then, when asked where he got the tires, claimed the car belonged to a boy in Roswell. A woman occupant of the same house then stepped out and said the tires came from Booker T. Henry.

Manager Patton immediately went up town, and in about ten minutes had returned with two officers. In the meantime the car with the stolen tires had disappeared. The defendant, Russell, was not seen on the occasion of either visit. Search was immediately instituted for him, and a little while later he was apprehended a few miles from, and driving toward, Clovis in the same car and with the stolen tires still on it. When apprehended, according to the testimony of the officers, he said, "He thought he would get away, but he knew we would catch him and he would just come back."

A few days later the negro youth, Booker T. Henry, was questioned by Deputy Sheriff Lamison in the office of the sheriff, concerning

the theft of the tires. The questioning was in the presence and hearing of the defendant, Russell. Sheriff Witherspoon was also present. Both the sheriff and his deputy testified that the youth, Booker T. Henry, admitted stealing the tires, but explained that he did so at the suggestion and through the persuasion of the defendant, Russell. This testimony is as follows:·

"Q. Mr. Lamison, I wish you would relate to the jury, as nearly as you can, the conversation you had with Craft, in the presence of the Defendant Russell and the Sheriff, in the Sheriff's office. A. We didn't have any conversation with Craft in the presence of Russell.

"Q. I understood you to say Russell was present? A. Russell was; it was not Craft.

"Q. I meant Booker Henry? A. Yes, sir. We asked him about getting some casings from the Federal Tire Store, and he said he got them and let Earnest Russell have them. We asked him how he came to do it, and he said Russell asked him to do it; he said he had never stolen anything in his life before and never was in trouble, had always been a good nigger all his life, and never had trouble anywhere.

"Q. Did he state what he was to do with the casings after they were stolen? A. ·He was to turn them over to Russell; he was to get them and deliver them to him.

"Q. What was that? A. He was to get the casings and deliver them to Russell.

"Q. Do you recall whether or not the Defendant Russell made any statement at that time? A. He said he bought the casings from Booker.

"Q. Said what? A. Said he bought the casings from Booker."

The defendant, Russell, claimed to have paid Booker T. Henry $4 for each tire. The tires were shown to have a value of slightly more than $11 each. Manager Patton of the tire store admitted that tires of the quality of these would not be readily distinguished by the untrained eye through outward appearance from a cheaper grade of tires selling as low as $3.85.

The youth who stole the tires pleaded guilty, and was sentenced to the penitentiary. At the trial he repudiated his story as related by the sheriff and his deputy· and appeared as a witness for the defense. The defendant claimed to have been ignorant of the fact that the tires were stolen.

The foregoing recital of testimony, while not complete, is a sufficient résumé thereof for the purposes of this opinion.

■ The first point relied upon for reversal is the alleged error of the court in refusing to permit the defendant to show that, following his arrest, he paid the true owner for the stolen tires. The proffered testimony was clearly inadmissible, taking on the character of self-serving acts and statements.

■ Next, it is urged that the verdict of the jury is without substantial support in the evidence. In this position defendant seeks support from the circumstance that, while the statute, section 35-1701, Comp. St. 1929, makes

criminal the buying, receiving, *or* aiding in the concealment of stolen property, knowing same to have been stolen, the court saw fit to charge the jury conjunctively instead of disjunctively. The defendant argues the instruction thus became the law of the case, and that unless the evidence is substantial that he did all these things, viz., bought, received, *and* concealed, with guilty knowledge, there must be a reversal.

The information defined the offense conjunctively just as did the instruction.

"Where a penal statute makes it criminal to do a certain thing in different ways, an indictment based thereon may charge in a single count that the defendant did the forbidden thing by all of the specified means, so long as the means are not repugnant and where the conjunctive 'and' is used where the statute uses 'or,' and such a count is not duplicitous, and the proof at the trial may establish any of the means charged." State v. McKinley, 30 N. M. 54, 227 P. 757, 759.

But in presenting this point the defendant starts out upon a false premise, viz., that defendant's first guilty knowledge of the transaction arose when the owner of the tire store discovered the stolen tires on his car. If we accept, without questioning, defendant's view on the effect of the instruction, we still are unable to see wherein he is aided. For here the evidence is substantial that he bought, received, and aided in concealing the stolen tires.

Without attempting to restate the evidence, it is enough to refer to his attempted flight upon discovery by the owner of the tires on his car, his failure to deny the accusation in his presence by Booker T. Henry that he, the defendant, had asked him to steal the tires, his purchase at much below their value of new tires from a negro youth known to be employed in a tire store, and whose mere possession of the tires under the circumstances here shown was enough to arouse suspicion.

■■ Finally, it is insisted there was a fatal variance between the information and the proof, in that the former laid ownership of the stolen property in "Western Tire Store, a corporation," whereas the proof disclosed ownership in "Western Tire Stores, Incorporated." It perhaps would be a sufficient answer to this claim of error to state that it was first suggested below in the motion for new trial. Ordinarily variance cannot be taken advantage of after verdict. 31 C. J. 879. The objection is technical, Territory v. Leslie, 15 N. M. 240, 106 P. 378, does not tend to prejudice the substantial rights of the defendant upon the merits, and would seem to be within the protection of sections 35-4411, 35-4415, Comp. St. 1929.

For the reasons disclosed by the opinion, the judgment of the lower court must be affirmed, and it is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.