432 P.2d 101

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert BEACHUM and Millie Ann Williams, Defendant-Appellants.

No. 8213.

Supreme Court of New Mexico.

Oct. 2, 1967.

Chester A. Hunker, Clovis, for appellants.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

PER CURIAM:

Upon consideration of motion for rehearing, the original opinion is withdrawn and the following is substituted therefor.

OPINION

COMPTON, Justice.

Robert Beachum and Millie Ann Williams were convicted of armed robbery by a jury of Curry County and, from a judgment imposing sentence therefor, they have appealed.

At the trial a statement in the nature of a confession of the defendant Williams was admitted into evidence over objection. The defendants first contend that her confession was involuntary, citing Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The record discloses the usual conflicts in the testimony concerning the voluntariness of her statement. However, in reaching our conclusion we need only to notice the testimony of the officer taking the statement, corroborated by the testimony of a fellow officer present at the time. The officer testified that defendant Williams was advised that

she did not have to give any statement; that she was advised of her right to consult counsel; that she made no request for counsel after being fully advised of her right thereto; that no threats were made; and that no promise of clemency was offered to make the statement. The statement was recorded on tape and later transcribed. The written statement itself, signed by defendant in the presence of witnesses, again warned defendant of her constitutional rights. No suggestion has been made that she was inexperienced, illiterate or otherwise not of normal intelligence. We must conclude that the statement was voluntarily made; that she knowingly and intelligently waived her rights to counsel and to remain silent. See State v. Gammons, 76 N.M. 85, 412 P.2d 256. Also see State v. Gonzales, 77 N.M. 583, 425 P.2d 810, where we held that under Escobedo the burden is on a defendant to prove his contentions that the waiver of his rights was not intelligently and understandingly made. Compare Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Also see Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882; State v. Montoya, 78 N.M. 294, 430 P.2d 865, issued June 30, 1967; and State v. Gonzales, supra.

■ Defendants next contend that the trial court failed to rule as a matter of law whether the statement was voluntary or involuntary before its submission to the jury. The record does not support the contention. The trial court conducted a hearing outside the presence of the jury as to the voluntariness of the statement and, at the close of the hearing, the court announced, " * * * The confession * * * will be received * * *." We see no ambiguity or uncertainty as to the trial court's ruling. See Pece v. Cox, 74 N.M. 591, 396 P.2d 442. If defendants were in doubt as to the trial court's ruling they should have sought clarification. They did not find it necessary to complain at the trial, nor do we see merit to their position.

■ The defendants complain for the first time on appeal that the trial court erred in failing to instruct the jury at the time the statement was admitted that it could not be considered as evidence against the nondeclarant codefendant. The complaint comes too late; not having raised the issue before the trial court, the claimed error is deemed waived. State v. Kidd, 24 N.M. 572, 175 P. 772; Quarles v. State (Ind.) 211 N.E.2d 167; Commonwealth v. Kiernan, 348 Mass. 29, 201 N.E.2d 504, cert. den. 380 U.S. 913, 85 S.Ct. 901, 13 L.Ed.2d 800; Freeman v. State (Tex. Crim.App.1962) 357 S.W.2d 757; and Stanley v. United States (4th Cir. 1956) 238 F.2d 427, cert. den. 352 U.S. 1015, 77 S.Ct. 556, 1 L.Ed.2d 545, reh. den. 353 U.S. 925, 77 S.Ct. 678, 1 L.Ed.2d 721.

■ Defendants have also asserted error in the admission into evidence certain exhibits, a Colt .380 automatic pistol and two empty .380 caliber cartridges or shells. It is contended that these exhibits were immaterial and irrelevant. We do not agree; the pistol was discovered in the possession of a third person who was identified as a participant in the robbery. The robbery victim definitely identified the pistol as the one used by Beachum during the robbery. In her confession, defendant Williams stated that the pistol was fired twice during the robbery. A police officer testified that upon firing an automatic weapon the empty shell automatically ejects. Another officer testified that he and the robbery victim went to the scene of the robbery and found the empty shells. The empty shells were identified as those found at the scene of the robbery. We conclude that the ruling of the trial court was correct. See 1 Wharton's Criminal Evidence (12th ed. 1955) § 148.

The judgment should be affirmed. It is so ordered.

CHAVEZ, C. J. and SPIESS, Judge, Ct. App., concur.