441 P.2d 235

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Charles REYNOLDS, Jr., Defendant-Appellant.**

**No. 105.**

Court of Appeals of New Mexico.

April 19, 1968.

C. M. Neal, Neal & Neal, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of robbery while armed with a deadly weapon. He contends that certain references made by the District Attorney and the admission of certain rebuttal testimony was error. No objection was made and no ruling of the trial court was invoked as to these claimed errors. Thus, they were not preserved for review. Section 21–2–1(20) (2), N.M.S.A.1953. Defendant's appeal is presented on the basis that these alleged errors amount to fundamental error. The failure to comply with appellate rules does not prevent a review of the issue of fundamental error. State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914); State v. Armijo, 35 N.M. 533, 2 P.2d 1075 (1931).

Two men robbed a store. One of them, McKelvey, had been convicted of this crime prior to defendant's trial. The principal issue at defendant's trial was identification of defendant as the second robber. Mrs. Norman, the store operator, so identified defendant.

McKelvey testified for the defense. He testified that his associate in the crime was not the defendant, but a man named Williams. In cross-examining McKelvey, the District Attorney "advised" that a conversation between McKelvey and defendant had been recorded. The District Attorney also asked McKelvey if he knew about a statement given to the police by a man named Evans. Neither the asserted record of the conversation nor the statement of Evans was produced. Mr. Norman, the husband of the store operator, testified as a rebuttal witness for the State. He identified the defendant as one of the two men in the store when the robbery occurred.

State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App. 1967), states:

"The doctrine of fundamental error is resorted to in criminal cases only if the innocence of the defendant appears indisputable, or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950). If there is a total absence of evidence to support a conviction, as well as evidence of an exculpatory nature, then an appellate court has the duty to see that substantial justice is done and to set aside the conviction. State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967). * * *"

See State v. Manlove (Ct.App.), 441 P.2d 229, No. 87, decided April 19, 1968.

We assume that the references by the District Attorney and the evidence on rebuttal were error. However, this error is not fundamental error. There is no need to review all the evidence; there is evidence to support the conviction. Mrs. Norman's testimony, in itself, is substantial evidence identifying defendant as the second robber. The innocence of defendant is not undisputable; it does not shock the conscience to permit the conviction to stand.

The only issue before us is the claim of fundamental error. There being no funda-

mental error, the judgment and conviction are affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.