464 P.2d 567

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Floyd VALLO, Defendant-Appellant.**

**No. 395.**

Court of Appeals of New Mexico.

Jan. 2, 1970.

Peter J. Broullire, III, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The indictment accused defendant of the unlawful killing of Ronnie Baca. There is proof that defendant unlawfully killed a boy. There is no proof that this boy was Ronnie Baca. In the absence of such proof, is defendant's conviction of involuntary manslaughter to be sustained?

The State contends that proof of the identity of the victim is surplusage. See § 41–6–36, N.M.S.A.1953 (Repl.Vol. 6). Its position is that it need only prove the corpus delicti, and that the corpus delicti does not include the identity of the victim. We disagree.

State v. Chaves, 27 N.M. 504, 202 P. 694 (1921) states:

"* * * It is trite to observe that in every criminal prosecution the first step must be to prove that the crime charged has been committed by some one. This proof may or may not primarily connect the defendant with the offense. In homicide cases it must be

shown that the person whose death is alleged in the indictment is in fact dead, and that his death was criminally caused. * * * "

State v. Casaus, 73 N.M. 152, 386 P.2d 246 (1963); Green v. State, 37 Ala.App. 652, 73 So.2d 879 (1954); Smith v. State, 80 Fla. 710, 86 So. 640 (1920); Dooley v. State, 238 Miss. 16, 116 So.2d 820, 86 A.L.R.2d 718 ·(1960).

■ Annot., 86 A.L.R.2d 722 (1962) is concerned with identification of the victim of a homicide. According to the annotation there are conflicting views on whether proof of identity of the victim is an element of the corpus delicti. Regardless of the view held regarding the corpus delicti, proof that the victim is the person alleged to have been killed is "* * * a material fact which the prosecution had to prove in order to establish its case, * * *" 86 A.L.R.2d, supra, at 725. In New Mexico, proof that the person killed is the same person as the one charged in the indictment to have been killed is part of the corpus delicti. State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Armstrong, 61 N.M. 258, 298 P.2d 941 (1956); State v. Chaves, supra.

■ This view is not, as the State contends, inconsistent with State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). *Nance*, involving an armed robbery, states: "* * * The corpus delicti of a particular offense is established simply by proof that the crime was committed; the identity of the perpetrator is not material. * * *" Here, the crime charged is the unlawful killing of Ronnie Baca. Without proof that it was Ronnie Baca who was unlawfully killed, there was a failure to prove that the crime charged had been committed; a failure to prove the corpus delicti.

Section 41–6–37, N.M.S.A.1953 (Repl. Vol. 6) reads in part:

"(2) No variance between those allegations of an indictment, information or bill of particulars, which state the particulars of the offense, * * * and the evidence offered in support thereof shall be ground for the acquittal of the defendant. * * *

" * * * *

"(4) No appeal, or motion made after verdict, based on any such * * * variance shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense upon the merits."

■ Does the above quotation apply in this case? No. The purpose of § 41–6–37, supra, is to eliminate technical matters. State v. Peke, 70 N.M. 108, 371 P.2d 226 (1962). Thus, the quotation would apply where the information charged the killing of Desiderio Grine and the proof was that Jose Desiderio Grine was killed. State v. Martinez, 34 N.M. 112, 278 P. 210 (1929). See 86 A.L.R.2d, supra, § 8(b), at 752; compare State v. Russell, 37 N.M. 131, 19 P.2d 742 (1933); Territory v. Leslie, 15 N.M. 240, 106 P. 378 (1910).

Here we have more than a variance between the charge and the proof. Here, there is a failure to prove that the crime charged has been committed. Section 41–6–37, supra, may not be applied to eliminate the requirement that the State prove that Ronnie Baca was killed.

Even though there was a total failure to prove the death of Ronnie Baca and therefore a failure to prove that the crime charged against defendant had been committed, the State asserts we should not consider this failure of proof. It contends defendant has waived this point.

■ Defendant moved for a directed verdict at the close of the State's case in chief. Various grounds were urged, one of which was the specific ground considered in this opinion. Defendant also moved for a directed verdict at the close of all the evidence. The State contends that defendant did not specifically renew the motion based on a failure to prove that Ronnie Baca was dead. This failure

to renew the specific motion is the basis for the State's claim that defendant waived the issue of failure of proof. See Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806 (1962).

While the motion for a directed verdict, made at the close of all the evidence, is ambiguously worded, it does call the trial court's attention to the sufficiency of the evidence. Since the precise point considered in this opinion had been called to the trial court's attention previously, and ruled on, we decline to hold the ambiguity of the second motion waived that point.

It was error to deny the motion for a directed verdict. The judgment and sentence are reversed. Since we reverse for failure of proof, see State v. Hayes, 77 N.M. 225, 421 P.2d 439 (1966), rather than error in the trial proceedings, see State v. Sneed, 78 N.M. 615, 435 P.2d 768 (1967), the cause is remanded with instructions to discharge the defendant.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.