Charles E. REYNOLDS, Jr., Petitioner-Appellant,

v.

Felix RODRIGUEZ, Warden, Respondent-Appellee.

No. 474–70.

United States Court of Appeals, Tenth Circuit.

June 14, 1971.

Donald A. Ferguson, Denver, Colo., for petitioner-appellant.

Joseph F. Baca, Special Asst. Atty. Gen. (James A. Maloney, Atty. Gen., with him on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, ADAMS* and PICKETT, Circuit Judges.

PER CURIAM.

Reynolds, a state prisoner, appeals from an order of the District Court for the District of New Mexico denying relief on his petition for habeas corpus. Most of petitioner's claims were dismissed for failure to exhaust state remedies and those portions of the order are not now attacked. The trial court considered the merits of two contentions asserted by petitioner: (1) misconduct of the prosecutor and (2) inadequacy of counsel. We conclude that neither of these issues entitles petitioner to federal relief and affirm.

Reynolds was convicted of armed robbery and his conviction was affirmed on appeal. State v. Reynolds, 79 N.M. 195, 441 P.2d 235. During the course of Reynolds' trial, one McKelvey testified

* Of the Third Circuit, sitting by designation.

in behalf of Reynolds.. McKelvey had earlier been convicted as a participant in the subject robbery and testified in exoneration of Reynolds. During the cross-examination of McKelvey the prosecutor asked whether McKelvey and Reynolds had not discussed the crime and the participation of each while confined in a jail cell together. McKelvey answered in the negative. The prosecutor then advised McKelvey that the cell had been "bugged" and repeated the question. McKelvey again answered in the negative. No objection to the incident was made, no tape of any "bugging" was produced, nor was any witness called in support of any such conversation being overheard.

In its consideration of the prosecutor's conduct the Supreme Court of New Mexico considered it to constitute error but not fundamental error requiring reversal. 441 P.2d 235, at 236. We feel free to accept this version of the incident since this trial antedated the Supreme Court of the United States' decision in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. Until *Katz*, electronic eavesdropping was not violative of the Fourth Amendment absent proof of a physical invasion of person or property. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). The prosecutor's reference to a "bug" did not per se indicate a Fourth Amendment violation or a federal question of constitutional magnitude. Nor did the federal court have an affirmative duty to initiate further inquiry.

The claim of inadequate representation is premised entirely on counsel's failure to object to the prosecutor's question and in no way merits the burden of showing "that the representation was such as to make the trial a mockery, a sham or a farce." (Footnote omitted.) Linebarger v. Oklahoma, 10th Cir., 404 F.2d 1092, at 1095, cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470.

Affirmed.