491 P.2d 1082

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Warren GRUENDER, Defendant-Appellant.**

**No. 663.**

Court of Appeals of New Mexico.

Nov. 5, 1971.

Certiorari Denied Dec. 9, 1971.

David F. Boyd, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of burglary defendant appeals, asserting five points for reversal: (1) the prosecuting attorney made an impermissible comment in his opening statement regarding defendant's right to remain silent; (2) there is substantial evidence that the statement given by defendant was not freely and voluntarily given; (3) the statement given did not admit an essential element of the crime charged; (4) it was error to refuse defendant's requested instruction that the jury must find defendant innocent if a conclusion of innocence could reasonably be drawn from the evidence; (5) the jury verdict disregarded the court's instruction No. 10 and the verdict was a result of bias and prejudice and unsupported by evidence. We affirm.

## IMPERMISSIBLE COMMENT IN OPENING STATEMENT.

The prosecution, in referring to the state of disarray of the burglarized home, reminded the jury to "Remember that when the defendant testifies, if he does . . ." It is the language "if he does" that is asserted by defendant to be reversible error. Defendant relying on State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966) contends for the first time on appeal that this was a comment by the prosecutor upon an accused's failure to testify.

No objection was made and no ruling of the trial court was invoked as to this claimed error. Thus it was not preserved for review. Section 21–2–1(20) (2), N.M.S.A.1953 (Repl.Vol.1970). Only jurisdictional questions or claims of fundamental error may be raised the first time on appeal. Section 21–2–1(20) (1), N.M.S.A.1953 (Repl.Vol.1970). Defendant does not claim that the assertedly improper comment is jurisdictional or amounts to fundamental error. State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968). See State v. Montoya, 80 N.M. 64, 451 P.2d 557 (Ct.App.1968).

## INVOLUNTARY CONFESSION.

Defendant in relying on his own testimony at trial contends that there was substantial evidence to the effect that the statement given by him was involuntary and that the trial court erred in allowing it to go to the jury. Defendant also contends the State's testimony in opposition is inaccurate on its face.

The procedure to be followed by the court in determining the voluntariness of a confession is set forth in State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969) and the cases cited therein: That the trial court is to hold a hearing out of the presence of the jury in order to have an impartial and reliable determination on the issue of voluntariness; the determination is to be uninfluenced by the truth or falsity of the confession. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). Defendant is not attacking the adequacy of the trial court's ruling that the confession could go to the jury, see State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971). The claim is no more than, on the evidence presented at the hearing, the trial court's ruling was wrong.

In the hearing held by the court the State introduced evidence that the confession was voluntary. The defendant introduced evidence that the confession was not voluntary. There being conflicting evidence, the trial court did not err in permitting the jury to pass on the question of the voluntariness of the confession. State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968).

## STATEMENT GIVEN DID NOT ADMIT AN ESSENTIAL ELEMENT OF THE CRIME.

It is defendant's contention that under the facts in this case, burglary was committed only if his unauthorized entry was made with intent to commit a theft, and

here there is no probative evidence that defendant had an intent to commit a theft when he went into the home. Defendant states that there was no independent evidence of a corpus delicti without which he could not be convicted.

■ Defendant contends there is nothing in the confession which shows he entered the home with intent to commit a theft. We disagree. His confession states that no one was at the home; that he put on at least one glove, entered, found and took some foreign money; that he couldn't find anything else. These statements, in the confession, support an inference of an entry with the intent to commit a theft.

■ Defendant also contends that apart from the confession, there is no probative evidence of his "intent." Again we disagree. Defendant's testimony on the stand admits the entry and that he removed the foreign money from the house. These admissions corroborate the confession. Thus, if corroboration of the confession was required, defendant's own testimony provided the corroboration.

■■ Defendant asserts: "It is established that a conviction cannot be sustained solely on the extra-judicial statement of the accused. There must be independent evidence of a corpus delicti." While this is true, the corpus delicti in this case is the crime of burglary. The victim's testimony established the corpus delicti in this case. See State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

The contention that the corpus delicti is not established unless there is evidence of his intent to commit a theft mixes two concepts. "The corpus delicti of a particular offense is established simply by proof that the crime was committed; the identity of the perpetrator is not material." State v. Nance, supra; State v. Vallo, 81 N.M. 148, 464 P.2d 567 (Ct.App.1970). Here, the corpus delicti was established when there was proof that a burglary had been committed. The confession, and the corroborating evidence, proved that defendant was the burglar, but this proof was not an essential element of the corpus delicti because the fact that the crime had been committed was established by other evidence.

REFUSED INSTRUCTION.

The defendant contends that the trial court erred in refusing defendant's requested instruction No. 1, that the jury must find defendant innocent if a conclusion of innocence could reasonably be drawn from the evidence. Defendant states that instruction No. 3 told the jury only that they must believe the defendant guilty beyond a reasonable doubt and instruction No. 5 told them only that they could find him guilty when there was no other reasonable hypothesis than defendant's guilt, thus the jury remained uninstructed as to its positive duty to return a verdict of not guilty where, from the evidence, two conclusions could be reasonably drawn—one of innocence, the other of guilt.

■■ Jury instructions are to be read as a whole. State v. Deats, 82 N.M. 711, 487 P.2d 139 (Ct.App.1971). The court's instruction No. 5 stated in part:

". . . before you will be authorized to find a verdict of guilty against the defendant, the facts and circumstances shown in evidence must be incompatible, upon any reasonable hypothesis, with the innocence of the defendant, and incapable of explanation, upon any reasonable hypothesis, other than that of the guilt of the defendant."

The court's instruction No. 3 stated:

"You may find the defendant guilty of burglary only if you believe beyond a reasonable doubt that at the time he entered the Pettingill residence, the defendant intended to commit a theft or a felony.

"If you find it probable that he formed the intent to commit a felony or a theft only after he had entered the Pettingill house, then you must find the defendant innocent."

These instructions when read with the other instructions given fully and fairly stated the law and the defendant's theory of the case. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969); State v. Martinez, 36 N.M. 360, 15 P.2d 685 (1932). To give defendant's requested instruction No. 1, which stated that:

"If two conclusions can reasonably be drawn from the evidence, one of innocence, and one of guilt, you should adopt the one of innocence."

would be to give undue emphasis to a conclusion or presumption of innocence which already had been adequately covered in the instructions given. State v. Deats, supra; State v. Lindwood, 79 N.M. 439, 444 P.2d 766 (Ct.App.1968). Instructions, when considered as a whole, are sufficient if they fairly represent the issues and the applicable law. State v. McFerran, supra.

## VERDICT A RESULT OF BIAS AND PREJUDICE.

It is defendant's contention here that the jury disregarded the court's instruction No. 10 and accordingly the verdict was a result of bias and prejudice. Instruction No. 10 states:

"You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture.

"You are to apply the law as stated in these instructions to the facts as you find them and in this way decide the case. Neither sympathy nor prejudice should influence your verdict."

Defendant's argument is that ". . . where reasonable men could not have been morally convinced of the guilt of the accused under the evidence the resulting jury deliberation can be no more than harmfully prejudicial speculation, guess work and conjecture" and that a verdict of guilty was obviously speculatory since the evidence could not support the verdict.

As we have heretofore stated the record does not support defendant's contention. The jury chose not to believe defendant's story. The jury could infer from the fact of the victim's house being broken into, defendant admitting breaking into the house using gloves, personal property being taken and in possession of defendant immediately after the break-in and defendant's fleeing from the break-in that defendant committed the burglary.

Affirmed,

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., dissenting.

COWAN, J., did not participate.

SUTIN, Judge (dissenting).

I dissent only on the issue of the admission of Gruender's confession in evidence without a determination by the trial court that the confession was voluntary.

This is an important legal principle for a trial court to follow. It is an important principle for this court to clarify.

During a hearing out of the presence of the jury, Gruender contended that the whole purpose of the hearing was to determine whether the confession was voluntary. The trial court disagreed. It merely found that the evidence was conflicting and held: "I think the matter of evaluating the confession is really for the jury."

In Sims v. Georgia, 385 U.S. 538, 87 S. Ct. 639, 17 L.Ed.2d 593 (1967), the identical problem arose. In reversing the conviction, the court said:

Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary or if the jury considered it as such in its determination of guilt.

This rule is binding upon the states. On remand of the Sims case, the trial judge determined that Sims' confession was voluntary and denied a new trial. On a subsequent appeal, the case was again reversed. 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967). The Sims decision was based on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). For another case directly in point, see Javor v. United States, 403 F.2d 507 (9th Cir. 1968).

In my opinion, some late New Mexico decisions are not clear on this point. Not one of them states that the conclusion of the trial court "that the confession is voluntary must appear from the record with unmistakable clarity." See State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), application for certiorari docketed and is pending in the Supreme Court of the United States. State v. Soliz, 79 N.M. 263, 442 P.2d 575 (1968), and cases cited; State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct. App.1967); State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969); State v. Beachum, 78 N.M. 390, 432 P.2d 101 (1967), cert. den. 392 U.S. 911, 88 S.Ct. 2068, 20 L.Ed.2d 1369 (1968).

As early as 1924 in State v. Martinez, 30 N.M. 178, 230 P. 379 (1924), the Supreme Court held:

A very proper practice in such cases is to inquire into the circumstances under which the confession was alleged to have been made, in the absence of the jury, and for the court to determine from such evidence whether the confession was voluntary.

In Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964), the court said:

Equally important is the fact that the evidence here presented shows clearly that the trial judge ruled that the confession was voluntary before he submitted it to the jury.

In State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966), Justice Moise said:

In connection with each of the three items of proof, i. e., the confessions, . .

the state was required to lay a foundation before they were submitted to the jury. Based upon the presentation made to the court, *a ruling was made* that the evidence was admissible, . . . [Emphasis added.]

In State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968), the court said:

After the trial court determined that the confession was voluntary the issue was then submitted to the jury.

The time has come to instruct trial courts to say: "I rule that the confession is voluntary and I will allow it to be submitted to the jury under proper instruction" or "I rule that the confession is involuntary and is not admissible in evidence." Thereafter, this continuous legal problem will end. We are deluged with criminal cases. We must try to be clear and explicit in every principle of criminal law so that we shall not repeat it in various wordy phrases to reach a just result.

Based upon the foregoing, I dissent on the issue of the admission of Gruender's confession as heretofore stated.