Armstrong v. Aragon.

[No. 1058, January 17, 1905.]

R. D. ARMSTRONG, Appellant, v. MANUEL ARAGON, Appellee.

### SYLLABUS.

· 1. Where there is no evidence to sustain a verdict against a defendant, or where the court would be compelled to set aside a verdict against a defendant, if returned, the court has power to direct a verdict in favor of defendant. Candelaria v. A., T. & S. F. Ry. Co., 6 N. M. 266 United States v. Gumm Bros., 9 N. M. 616.

2. Testing the facts of this case by the rule just stated and by the provisions of sections 3199-3212, C. L. 1897, there was no error in instructing the jury to find for the defendant.

3. Under the facts disclosed by the record the court committed no error in overruling the motion for a new trial upon the ground of newly discovered evidence. Rube v. Abreu, 1 N. M. 247.

Appeal from the district court of Lincoln county, before FRANK W. PARKER, Associate Justice. Affirmed.

GEORGE W. PRICHARD, and GEORGE B. BARBER, for Appellant.

Under the statutes of New Mexico the plaintiff in error is entitled to recover one hundred dollars.

Secs. 3199-3200 and 3208 Compiled Laws 1897.

An agency once established is presumed to exist until notice is given by the principal to the contrary.

Parsons on Contracts, Vol. 1 p. 45, (6th Ed.)

An agent who has power to do a particular act, has also the power to do whatever belongs to the doing of such act, or is necessary to its performance.

Law. v. Stakes, 90 Am. Dec. p. 655; Percy v. Hedrick, 2 West Va., 458; 98 Am. Dec. 774; Ewill's Evans on Agency, Sec. 107.

Before the court can direct a verdict for the defend-

Armstrong  v.  Aragon.

ant there must be no evidence tending to support the plaintiff's case.

> Spelling on New Trial and Appellate Practice, Vol. 1, p. 329; Meyer v. Madreperla, 9 Am. St. Repts. 536; Blashfield on Instruction to Juries, pp. 9-11 and 12; O'Connor v. Witherby, 111 Col. 532.

The application for a new trial should have been granted.

> Porter v. Talcott, 1 Cowen, 359; Missouri Pacific Ry. Co. v. Lovelace, 57 Kas. 195; 45 Pacific, 590.

BONHAM & HOLT, for defendant in error.

A special agency exists when there is a delegation of authority to do a single act.

> Story on Agency, Par. 17; Parsons on Contracts, 41.

A special agent is appointed only for a particular purpose, and is vested with limited powers.

> Chitty on Contracts, 285.

The court should instruct the jury to find a verdict for the defendant, where there is no evidence to sustain a verdict, or where the court would be compelled to set aside a verdict if one should be returned against the defendant.

> United States v. Gumm Bros., 9 N. M. 616.

Every motion for a new trial on the ground of newly discovered evidence must be supported by the affidavit of the applicant and his attorney, stating the date when the evidence was discovered, the nature of the newly discovered evidence, and the names of the new witnesses.

> Ency. Pl. & Pr., Vol. 14, 823-824.

### STATEMENT OF FACTS.

This is a suit brought by the appellant Robert D. Armstrong, under section 3199 to 3212 of the Compiled Laws of 1897, against Manuel Aragon, to recover the sum of one hundred dollars alleged to have been paid by said

Armstrong v. Aragon.

Armstrong to said Manuel Aragon through one E. W. Hulbert, as stakeholder, as the result of a bet or wager upon the result of the election of sheriff at the general election held in said county on November 4, 1902. Upon the trial of the case the plaintiff, Armstrong, testified that on November 8, 1902, he wagered the sum of $100 against $200 with the defendant, Aragon, upon the result of the race for sheriff of the county of Lincoln. The two amounts, $100 put up by Armstrong, and $200 put up by Aragon, were at the time placed in an envelope, and sealed at Aragon's saloon, and thereupon a question of stakeholder arose. Manuel Aragon being busy at the time, it was agreed between the parties that Jacobo Aragon, a brother of the defendant, should accompany plaintiff to the office of a designated third party to place the money in his hands as stakeholder. That person declined to act in the matter, and thereupon Jacobo Aragon and plaintiff went to E. W. Hulbert and placed the money in his hands as stakeholder, but plaintiff testified that he did not know whether Manuel Aragon authorized Jacobo to go with him to Hulbert or not. Plaintiff further testified that he had never received the money back but that on the contrary upon making demand upon Manuel Aragon for said $100, some ten months after the wager, Aragon replied that "he didn't know plaintiff, had made no bet with him, didn't know him in the bet and that said bet was made with one Jose Antonio Garcia." Emilio Ozane, another witness testified that he was present at the time of a wager, that $200 was put up by Manuel Aragon and $100 by Armstrong and placed in an envelope and that the bet was made upon the result of the election for sheriff. E. W. Hulbert testified that on the night of November 8, 1902, the plaintiff and Jacobo Aragon placed in his hands as stakeholder a sealed envelope; that he did not know how much was in the envelope until after the money had been turned over by him, and that it was finally turned over by him to Jacobo Aragon some time in the month of November, after the election. This was all the evidence presented on the trial material to the present inquiry. Upon the close of the testimony for plaintiff, counsel for defendant moved the court to instruct the jury to

find a verdict for the defendant." Thereupon the court announced to counsel for plaintiff that there was a failure of proof, as to the receipt by the defendant of the money scught to be recovered, but plaintiff declined to introduce further proof, and under instructions of the court the jury returned a verdict for defendant. A motion for a new trial was filed, alleging among other grounds, that the plaintiff had discovered new and material evidence, to-wit, the testimony of William S. Brady. The affidavit of the latter, which was filed with the motion, sets forth an alleged conversation with the defendant Manuel Aragon in the month of November, 1902, and within ten days after the result of the general election had been declared, in which affiant asked Aragon "if he had taken up the bet with Jose Antonio Garcia" to which Aragon replied "No, that Armstrong had taken it up with him and that he, Aragon, had won one hundred dollars from Armstrong and had got the money." The affidavit further sets forth that affiant had not mentioned the subject to Armstrong or his attorneys until after the trial of the cause. The motion for a new trial having been overruled, and judgment having been entered for the defendant, plaintiff appealed to this court.

## OPINION OF THE COURT.

POPE, J.—The record presents two questions: First, did the court err in instructing the jury to find a verdict for the defendant? and second, did the court err in refusing to grant a new trial upon the showing made?

Upon the first of these propositions it is the well settled rule in this Territory that where there is no evidence to sustain a verdict against the defendant, or where the court would be compelled to set aside a verdict against the defendant, if returned, the court has power to direct a verdict in favor of the defendant. Candelaria v. A., T. & S. F. Ry. Co., 6 N. M. 266; United States v. Gumm Bros, 9 N. M. 616. Was the action of the court in withdrawing the case from the jury within this rule? This suit was instituted under sections 3199 and 3212 of the Compiled Law, providing that any person losing money or property at any game of cards or at

Armstrong v. Aragon.

any gambling device (in which is included by section 3208, bets and wagers on elections authorized by the laws of this Territory) "may recover the same, if money, by action of debt, if property, by action of trover, replevin or detinue." By section 3200 it is provided that "in such action it shall be sufficient for the plaintiff to declare generally as in actions of debt for money had and received for the plaintiff's use." By section 3201 the wife, children, heirs, executors, administrators and creditors of the person losing may have the same remedy against the "winner" as provided in section 3200, including in the case of creditors the right "to garnishee the *winner* x x as if such *winner* were a debtor of the party losing the amount x x so won by said winner from the party losing." It is apparent from these provisions of statute that the right of action is given against the winner of the bet. Even if the word "winner" as here used be construed to mean simply the person in whose favor the wager goes and not necessarily the person who pursuant to that decision receives the stake, the position of the court below was correct since there is no proof that the wager was determined in favor of the defendant and there was thus a failure of the proof necessary to make the cause of action allowed by the statute. We are of opinion, however, that the view adopted by the court below was the correct one, that is, that the intent of the statute here under consideration was to give the right of action not against the party in whose favor the wager is merely theoretically decided but against one to whom in addition the money or property wagered has been delivered. Until this delivery is made he cannot be said in law to have won the money or property, ample redress up to the time of such delivery being given under section 3209 by suit against the stakeholder. That this is the proper construction of the act is further apparent from the form of the action prescribed, which in the case of money is to be "as in actions for debt for money had and *received*" (Section 3199), and in the case of property an action to recover possession from the defendant as trover, replevin or detinue. Indeed, this is recognized by plaintiff in the complaint wherein it is alleged that the money "was lost and paid by the plaintiff to the said defendant x x and

by the defendant, x x won of the plaintiff." The fact that
the defendant won said amount from the plaintiff, that he
received said amount from the plaintiff through the stake-
holder, being elements of proof necessary to recovery, is
there any proof to meet this requirement? We think not.
There is no testimony whatever that the defendant was
the winner of the wager, there is no testimony that he
ever received from the stakeholder Hulbert, the amount
deposited by plaintiff or any other amount. It is con-
tended by defendant, however, that while it is true that
there is no evidence to show that the defendant was the
winner of the bet or that he received the money from the
stakeholder, there is evidence that his brother Jacobo Ara-
gon received the amount and that said Jacobo was de-
fendant's agent for the purpose. The weakness of this
contention is the entire absence of testimony showing or
legally tending to show that Jacobo Aragon was the agent
of the defendant in receiving said money. The only con-
nection between the two is the fact that on the night the
bet was made, the defendant Manuel Aragon, being busy
deputized his brother to accompany plaintiff to the office
of a designated third party to place the money in the lat-
ter's hands as stakeholder. The agency of said Jacobo Ara-
gon was absolutely limited to this act and when upon the
refusal of this third party to act as stakeholder Jacobo
Aragon agreed with plaintiff that E. W. Hulbert should
be stakeholder and placed the money in his hands as such,
he went beyond his authority under the proofs, and in so
doing ceased to be the agent of his brother. But even if
it be conceded that his brother's failure to repudiate the
selection of Hulbert as stakeholder amounted to a ratifica-
tion of Jacobo Aragon's act in depositing the money with
Hulbert, it certainly cannot be considered as establishing
or tending legally to establish that the securing of the
money from Hulbert by Jacobo Aragon several days after
he was authorized by Manuel Aragon or that the receipt
by the former was in law the receipt by the latter. While
it is generally speaking, true, as contended for by appellant
in his brief that, an agency once established is presumed
to exist until the contrary is shown, and while it is further
true, as contended, that an agency to do a particular act

Armstrong v. Aragon.

carries with it the power to do whatever naturally belongs to the doing of it, these principles are not applicable to the present case. The only agency conferred upon Jacobo Aragon was to accompany plaintiff for the purpose of depositing the stake with a designated person. That agency may, pursuant to the principle above cited, be assumed to have continued until terminated and any acts necessary to the doing of that particular act may be assumed to have been included in the delegation of power. But the deposit of the money with a person other than the one designated and its withdrawal and receipt some days later from the hands of such person were not acts within the agency conferred and were thus not the acts of the defendant. It may, as contended by appellant, be true as a matter of fact that Jacobo Aragon was fully authorized to represent the defendant in the whole matter, but there is no proof to that effect. The absence of proof of agency, is for the purpose of this case, as effective as the presence of affirmative proof that there was no such agency. In the absence of such proof it was the duty of the court below to direct a verdict for the defendant, and its action in so doing was not erroneous.

The only remaining point is as to whether the court erred in refusing to grant a new trial upon the showing of the newly discovered evidence of one William S. Brady. It was held by this court as early as the case of Rube v. Abreu, 1 N. M. 247, that in order to obtain a new trial on the ground of newly discovered evidence, a party must show that the failure to produce the evidence at the former trial was not owing to a want of due diligence on his part We find nothing in the record establishing such diligence on the part of appellant. There must be an end of litigation and the time for securing proof to make out a case is before and not after trial. There was no abuse of discretion in overruling the motion for a new trial.

For the reasons above outlined the judgment of the court below is affirmed.

William J. Mills, C. J., John R. McFie, A. J., Edward A. Mann, A. J., concur.

Parker, A. J., having heard the cause below, did not participate in this decision.