**Certiorari Denied, April 14, 2015, No. 35,181**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2015-NMCA-050**

**Filing Date:   March 12, 2015**

**Docket No. 32,669**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

**v.**

**JACKIE WINTERS,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**
**Mark Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**FRY, Judge.**

**{1}**     Defendant's motion for rehearing is granted. The Opinion filed on February 18, 2015 is withdrawn, and this Opinion is substituted therefor.

1

**{2}** Defendant appeals his convictions for larceny and criminal damage to property. The convictions arose out of the same incident, although the charges were not joined for trial. In his larceny trial, Defendant unsuccessfully challenged testimony by a sheriff's deputy that shoe prints found at the scene were similar to shoe prints found outside Defendant's residence. He was subsequently found guilty. Following his conviction for larceny, Defendant conditionally pleaded no contest to the charge of criminal damage to property (CDP), reserving an unstated issue for appeal. On appeal from both convictions, Defendant argues that Deputy Jason Daugherty's shoe print testimony was improper lay witness testimony. We conclude that because Deputy Daugherty did not provide a foundation for his opinion that the shoe prints at issue were similar, the district court abused its discretion in allowing him to give this opinion. We therefore reverse his conviction for larceny. Defendant further argues that reversal of his larceny conviction requires reversal of his conditional plea in the CDP case. However, because Defendant neither reserved nor preserved an issue for appeal during his no contest plea in the CDP case, we uphold the plea.

**BACKGROUND**

**{3}** Late one evening, the foreman of an oil extraction company operating in Lea County, New Mexico, received an alert that one of the company's pumps had stopped running. Upon arriving at the scene, a company employee discovered that the "fluid end" of an injection pump had been removed and was in the bed of a pick-up truck on site. The pick-up truck did not belong to any of the employees of the company. In addition to the theft of the fluid end, the instrument panel of a company backhoe nearby was damaged.

**{4}** The company reported the theft, and Deputy Daugherty of the Lea County Sheriff's Department arrived to investigate. Although the keys to the truck were in the ignition, the truck was inoperable. Deputy Daugherty ran the license plate number of the truck and determined that it belonged to Defendant. Deputy Daugherty also took photos of different sets of shoe prints at the scene that he believed were potentially associated with suspects of the crime. He believed they were associated with the suspects because he eliminated shoe prints he believed matched other employees and law enforcement officials at the crime scene and because the shoe prints were in close proximity to the truck.

**{5}** Deputy Daugherty then drove to Defendant's residence to secure the area pending the issuance of a search warrant. While at the residence, Deputy Daugherty observed shoe prints outside the residence that he believed were similar to the shoe prints he photographed at the crime scene. Deputy Daugherty did not take photos of the shoe prints at the residence, but other investigators on site did. Defendant was subsequently arrested and charged with one count of larceny and one count of CDP.

**Procedural History**

**{6}** For unknown reasons, Defendant's charges were separated into two cases before two different judges in district court. The larceny case went to trial first. Before trial, Defendant

argued that Deputy Daugherty should be precluded from testifying as to the similarity between the shoe prints at the crime scene and those he observed at Defendant's residence because the evidence was irrelevant without expert testimony establishing any alleged similarities between the prints. The district court denied the motion. Defendant also objected to the testimony at trial because there was no foundation for Deputy Daugherty's testimony that the shoe prints were "substantially the same." The jury convicted Defendant on the larceny charge.

{7}     A few days after his conviction in the larceny case, Defendant pleaded no contest to the charge of CDP. During the plea hearing, Defendant indicated that he wished to enter into a conditional no contest plea to reserve an issue for appeal. When asked what particular issue he was reserving, Defendant stated that while he believed that there was an appealable issue, he did not want to single out one particular issue until he reviewed the record. Defendant further indicated that he wished to join the larceny and CDP cases on appeal. The prosecution did not object to Defendant's conditional plea. The district court accepted Defendant's no contest plea, noting that the plea was "conditioned upon successful prosecution of an appeal reversing an unstated issue." Defendant now appeals.

**DISCUSSION**

**Deputy Daugherty's Opinion Testimony was Improper**

{8}     Defendant argues that Deputy Daugherty's testimony regarding the similarity between shoe prints found at the scene of the theft and shoe prints found outside Defendant's residence was improper lay witness opinion testimony. We review this issue for abuse of discretion. *See State v. Luna*, 1979-NMCA-048, ¶ 18, 92 N.M. 680, 594 P.2d 340. We conclude that because no foundation was laid for Deputy Daugherty's opinion that shoe prints found at the scene were substantially the same to shoe prints found near Defendant's residence, his opinion constituted improper lay witness opinion testimony.

{9}     Rule 11-701 NMRA governs the admission of opinion testimony by lay witnesses. The Rule states,

> If a witness is not testifying as an expert, testimony in the form of opinion is limited to one that is
>
> A.     rationally based on the witness's perception,
>
> B.     helpful to clearly understanding the witness's testimony or to determining a fact in issue, and
>
> C.     not based on scientific, technical or other specialized knowledge within the scope of Rule 11-702 NMRA.

3

**{10}** Generally speaking, our Supreme Court has recognized that in some circumstances shoe print comparison is within the purview of permissible lay witness opinion testimony. *See State v. Rondeau*, 1976-NMSC-044, ¶¶ 42-43, 89 N.M. 408, 553 P.2d 688 (holding that a detective could provide non-expert opinion testimony regarding similarities between shoe prints found at the scene and shoes seized from the defendant); *State v. Martinez*, 1932-NMSC-051, ¶¶ 7-9, 36 N.M. 360, 15 P.2d 685 (holding that lay witness testimony comparing tracks found at the crime scene with the defendant's shoes was admissible); *State v. Ancheta*, 1915-NMSC-003, ¶ 10, 20 N.M. 19, 145 P. 1086 (holding that testimony by lay witness regarding his observations of tracks at the crime scene with tracks known to be the defendant's was proper lay witness opinion testimony). While these cases engage in a somewhat cursory analysis of the issue, we glean from them that, at least, the lay witness's opinion regarding the similarities between the prints or shoes at issue must derive from personal observation or examination of the similarities of the tracks believed to be the suspect's and a shoe or print known to be the defendant's. *See Rondeau*, 1976-NMSC-044, ¶ 43 ("[A] witness who has made measurements of the tracks, and the foot or shoe of the defendant, or who has made some such comparison between the tracks and the shoes of the defendant, [such] as placing the shoe in the tracks, or who has detailed peculiarities in the tracks on the ground which correspond with the shoes, or with the proven or admitted tracks of the defendant, that in either of these cases . . . the witness may give his opinion as to the similarity of the tracks." (internal quotation marks and citation omitted)); *Martinez*, 1932-NMSC-051, ¶ 9 ("[A] witness who has measured the tracks and compared his measurement with the shoes of the accused may testify to the results and that a correspondence exists in size and shape." (internal quotation marks and citation omitted)).

**{11}** This principle appears rooted in the concept that "opinion testimony of lay witnesses is generally confined to matters which are within the common knowledge and experience of an average person." *Garcia v. Borden, Inc.*, 1993-NMCA-047, ¶ 10, 115 N.M. 486, 853 P.2d 737. That is, certain similarities between shoe prints, including tread features and size, can be considered, in some instances, distinctive enough to be readily apparent to an average observer. *See Luna*, 1979-NMCA-048, ¶ 19 (stating that for a lay witness's opinion to be based on the witness's perception, the opinion must be one a "normal person would form on the basis of the observed facts"); *People v. Maglaya*, 6 Cal. Rptr. 3d 155, 158 (Ct. App. 2003) (stating that when "shoeprints are so large and the points of similarity so obvious, the comparison is a matter of nonexpert rather than of expert testimony." (emphasis, alteration, internal quotation marks, and citation omitted)). However, because this will not always be the case, we agree with jurisdictions that require a foundation to be laid before a lay witness may testify to the purported similarities between prints. In such a case, a "lay witness may be permitted to express his or her opinion as to the similarity of footprints if it can be shown that his or her conclusions are based on measurements or peculiarities in the prints that are readily recognizable and within the capabilities of a lay witness to observe." *State v. Jells*, 559 N.E.2d 464, 471 (Ohio 1990). As the court in *Jells* explained, "This means that the print pattern is sufficiently large and distinct so that no detailed measurements, subtle analysis or scientific determination is needed." *Id.* Without such a foundation, the lay witness's opinion testimony is outside the bounds of Rule 11-701.

4

**{12}**     In this case, Defendant objects to Deputy Daugherty's opinion that shoe prints photographed at the scene were substantially similar to shoe prints photographed outside Defendant's residence. At trial, Deputy Daugherty testified that he observed shoe prints at the scene and at Defendant's residence and, based on his observations, the shoe prints were "substantially the same." No other foundation for the admission of this opinion was given. The State later moved to admit photographs of three different shoe prints taken by Deputy Daugherty at the scene but not photographs taken at the residence.

**{13}**     The foundation laid for Deputy Daugherty's opinion regarding the similarities between the shoe prints was insufficient. Deputy Daugherty did not testify to the observations he made regarding the similarities in the prints or any other peculiarities. He merely testified that he observed shoe prints in both places and that they were "substantially the same." Indeed, not only did Deputy Daugherty fail to state the observations that supported his opinion, his testimony failed to specify which of the three shoe prints—photographs of which were later published to the jury—he believed matched shoe prints later observed outside Defendant's residence.  This is problematic because it does not establish that his opinion was "rationally based on [his] perception[s]" or "helpful to clearly understanding [his] testimony[.]"  Rule 11-701(A), (B).

**{14}**     Furthermore, Deputy Daugherty's testimony failed to establish a foundation linking the shoe prints he observed outside Defendant's residence with Defendant. In *People v. Zismer*, the court stated that "[t]here is a sound policy for requiring foundational evidence that the footprint matches [the] defendant's shoes." 80 Cal. Rptr. 184, 190 (1969). While the court noted that such a link may not always be required when there is "independent evidence linking [the] defendant with the tracks. . . where the fact that [the] defendant made the tracks can only be established by a comparison of the tracks with [the] defendant's shoes . . . [s]ufficient foundational evidence should be required to support a logical inference of identity from the common distinctive features of the footprint and the [defendant's] shoes." *Id.*  Although this specific issue has not been analyzed by a New Mexico appellate court, this requirement has been generally acknowledged in our Supreme Court's decisions on this issue. *See Rondeau*, 1976-NMSC-044, ¶ 43 (stating that a witness may testify to similarities between tracks found and the shoes or shoe prints of the defendant); *Martinez*, 1932-NMSC-051, ¶ 9 (stating that "a witness who has measured the tracks and compared his measurement *with the shoes of [the] accused* may testify to the results and that a correspondence exists in size and shape" (emphasis added) (internal quotation marks and citation omitted)). In this case, aside from the fact that shoe prints were found near Defendant's residence, there was no other testimony or independent evidence linking the shoe prints found outside Defendant's home with Defendant. Therefore, Deputy Daugherty's testimony failed to provide a sufficient foundation for his opinion.

**{15}**     In sum, Deputy Daugherty's testimony, when considered as a whole, amounts to a cursory opinion that three different shoe prints found at the scene were substantially like some unknown shoe prints he observed outside Defendant's residence, without any specification regarding their similarities, much less which shoe prints he was actually

comparing. Accordingly, his testimony failed to lay a foundation under Rule 11-701 and was impermissible lay witness opinion testimony.

**Defendant Did Not Properly Enter Into a Conditional Plea**

**{16}** Because we conclude that Deputy Daugherty's opinion testimony was improper, we also address Defendant's argument that he properly preserved the issue challenging the testimony in his conditional no contest plea in the CDP case. Defendant argues that if he had, in fact, proceeded to trial on this charge, it is likely that Deputy Daugherty's opinion regarding the shoe prints would have been admitted at this trial. Therefore, he claims that reversal on this point in the larceny case requires a reversal of his conviction for CDP. We disagree.

**{17}** "[A] voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his [or her] conviction on other than jurisdictional grounds." *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1. A conditional plea, however, is a procedure that "enable[s] a defendant to reserve a significant pretrial issue for appeal in a case in which conviction seems certain unless the defendant prevails on the pretrial issue." *State v. Celusniak*, 2004-NMCA-070, ¶ 7, 135 N.M. 728, 93 P.3d 10. Rule 5-304(A)(2) NMRA governs conditional pleas. The Rule states, "With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion." *Id*. Thus, a "defendant enters a valid conditional plea by (1) preserving the error through a pretrial motion, (2) obtaining consent of the prosecution, and (3) obtaining approval of the court." *Celusniak*, 2004-NMCA-070, ¶ 7.

**{18}** Apart from the consent requirements, the rule embodies two other principles: preservation and reservation. First, the rule requires that there be an "adverse determination of any specified pre-trial motion." Rule 5-304(A)(2). Therefore, a defendant must have *preserved* the issue for appellate review. Second, the defendant must specify the specific issue or issues that he or she is *reserving* for appellate review. That is, the defendant must "express an intention to reserve a particular pretrial issue for appeal." *State v. Handa*, 1995-NMCA-042, ¶ 12, 120 N.M. 38, 897 P.2d 225 (internal quotation marks and citation omitted).

**{19}** In this case, Defendant did neither. Defendant did not file any motion challenging Deputy Daugherty's testimony in the CDP case. Without such an adverse determination ruling the testimony admissible, there is no alleged error on which to base appellate review. Furthermore, Defendant did not *reserve* an issue for appellate review. Defendant did not specify an issue when entering his conditional plea, and, in fact, declined to do so. Such failures are not inconsequential. Without preserving an issue for review or indicating what issue the defendant is reserving, neither the prosecutor nor the district court can properly grant their respective consent or approval of the conditional plea. *See Hodge*, 1994-NMSC-087, ¶ 20 (stating that both the prosecutor and the court should ensure that issues reserved

in conditional pleas are case-dispositive). Accordingly, we conclude that Defendant did not enter a valid conditional plea reserving his right to appeal the admissibility of Deputy Daugherty's testimony in his CDP case.

**Sufficient Evidence Supported Defendant's Larceny Conviction**

**{20}** Defendant argues that his larceny conviction is not supported by sufficient evidence. Specifically, Defendant argues that there was no evidence that he was at the scene or that he personally took the fluid end of the pump. He argues instead that there was evidence only that his truck was at the scene, while other evidence established that he was elsewhere when the theft occurred.

**{21}** Review of a sufficiency of the evidence challenge involves a two-step process. *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756. Initially, the evidence is viewed in the light most favorable to the verdict. *Id.* Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). The question is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

**{22}** In order to convict Defendant of larceny, the jury was required to find beyond a reasonable doubt that (1) Defendant took and carried away a fluid end off of a pump, belonging to another, which had a market value over $2500 but less than $20,000; (2) at the time he took this property, Defendant intended to permanently deprive the owner of it; and (3) this happened in New Mexico on the 24th day of October, 2011. Defendant does not dispute the value of the property or the date of the offense. He only challenges whether he was the one who committed the theft.

**{23}** We conclude that there was sufficient evidence supporting Defendant's conviction. Regardless of our conclusion above in regard to Deputy Daugherty's testimony, when reviewing whether sufficient evidence exists to support retrial, we include in our review the erroneously admitted evidence. *See State v. Post*, 1989-NMCA-090, ¶¶ 22-24, 109 N.M. 177, 783 P.2d 487 ("If all the evidence, including the wrongfully admitted evidence, is sufficient, then retrial following appeal is not barred."). In this case, evidence that Defendant's truck was found at the scene with the stolen property in the bed combined with Deputy Daugherty's opinion that shoe prints found at the scene matched shoe prints found at Defendant's residence was sufficient to permit the jury to reasonably infer that Defendant was at the scene and committed the theft. The fact that Defendant put forth evidence that he was elsewhere at the time is immaterial. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Accordingly, because there was sufficient evidence to support conviction, Defendant is subject to retrial

on remand.  *See Post*, 1989-NMCA-090, ¶ 22.

**CONCLUSION**

**{24}**    For the foregoing reasons, we reverse Defendant's conviction for larceny and affirm his plea of no contest to the CDP charge.

**{25}    IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**J. MILES HANISEE, Judge**