This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **No. 33,716**

**DANE HUNT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Defendant Dane Hunt appeals the district court's conditional discharge order finding him guilty of trafficking heroin by distribution pursuant to a conditional plea agreement. Defendant challenges the denial of his motion to suppress evidence following a controlled buy of heroin and his warrantless arrest. We conclude that the evidence established probable cause to believe Defendant committed the crime of trafficking heroin by distribution during the controlled buy, and exigent circumstances also supported Defendant's subsequent warrantless arrest. As a result, we affirm the district court's denial of Defendant's motion to suppress the evidence seized in this case.

**BACKGROUND**

**{2}** A confidential informant (CI) met with Detective Irwin and indicated he could purchase heroin from David Rosales (Rosales). Detective Irwin met with the CI at the location of the controlled buy and the CI contacted Rosales by telephone. The CI then informed Detective Irwin that Rosales would be arriving at the location shortly and driving a red, two-door vehicle. Prior to the controlled buy, Detective Irwin searched the CI for any illegal substances or currency and found neither. Detective Irwin indicated he was present with the CI at all times prior to the arrival of the red vehicle. The red two-door vehicle arrived as described, and Detective Irwin observed that it contained two individuals, Rosales (the driver) and Defendant (the front-seat

passenger). The CI exited Detective Irwin's vehicle and walked 75 to 100 yards to the passenger side of the red vehicle. Detective Irwin observed the CI engage in a conversation with occupants of the red vehicle and also observed hand movements and gestures within the vehicle between the CI and the vehicle's occupants. After the controlled buy was completed, the CI stepped away from the red vehicle and gave Detective Irwin a pre-determined hand signal. The police team that was working with Detective Irwin then stopped the red vehicle as it left the scene and arrested Rosales and Defendant.

{3}     Police seized the following evidence: (1) the controlled buy money retrieved from the front pants pocket of Rosales, (2) a package of heroin recovered in plain sight from the console of the red vehicle, and (3) a package of heroin obtained from the CI after the controlled buy transaction. Defendant moved jointly with Rosales to suppress all evidence seized, contending that he was arrested without a warrant and without the probable cause and exigent circumstances needed to conduct a warrantless arrest. After a hearing on the matter, the district court issued a written order denying the motion to suppress.

{4}     Defendant then entered into a conditional plea of guilt for the crime of trafficking heroin by distribution in which Defendant admitted to conspiracy with Rosales. Specifically, Defendant admitted that he and Rosales agreed together to

commit, intended to commit, and in fact committed, trafficking heroin by distribution. In the conditional plea agreement, Defendant expressly reserved the right to appeal the district court's denial of his motion to suppress the evidence.

**DISCUSSION**

**I.      Standard of Review**

{5}      Reviewing a motion to suppress involves an analysis of both law and fact. *See State v. Gutierrez*, 2005-NMCA-015, ¶ 9, 136 N.M. 779, 105 P.3d 332. A "denial of a motion to suppress will not be disturbed if it is supported by substantial evidence unless it also appears that the ruling was incorrectly applied to the facts." *Id.*(internal quotation marks and citation omitted) (citing *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785) We review whether the facts were correctly applied to the law under a de novo standard of review, viewing the facts in the light most favorable to the prevailing party, indulging all reasonable inferences in support of the ruling and disregarding all evidence and inferences to the contrary. *See Gutierrez*, 2005-NMCA-015, ¶ 9; *see also State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72 ("Since the trial court is in a better position to judge the credibility of witnesses and resolve questions of fact, the factual analysis should be viewed in a light favorable to the prevailing party."); *State v. Hernandez*, 1997-NMCA-006, ¶ 18, 122 N.M. 809,

932 P.2d 499 ("[W]e review mixed questions of law and facts de novo, particularly when they involve constitutional rights.").

## II.    Issue of Standing

{6}    We first consider threshold matters that would obviate reviewing the merits of Defendant's challenge to his warrantless arrest. In its answer brief, the State argues that Defendant lacks standing to challenge suppression of the evidence obtained on Rosales' personal body (the controlled buy money) or in the red vehicle (the heroin on the console). The State argues that standing is lacking because Defendant was a passenger in the red vehicle and there was no additional evidence to establish Defendant's interest in the red vehicle. However, standing is a fact-based issue that requires development of the record. *See State v. Porras-Fuerte*, 1994-NMCA-141, ¶ 10, 119 N.M. 180, 889 P.2d 215 (holding that "standing [to challenge unlawful searches and seizures] may not be raised for the first time on appeal since it is a fact-based issue.") Because the State failed to raise standing below and to develop the factual basis for this Court's review, we now consider such argument to be waived and decline to address it. *See State v. Franks*, 1994-NMCA-097, ¶ 8, 119 N.M. 174, 889 P.2d 209 (holding that "it would be unfair to an appellant to affirm on a fact-dependent ground not raised below[,]" as the parties would lack an opportunity to

present admissible evidence relating to the facts and it is improper for an appellate court to engage in fact-finding).

### III. Notice of Specific Evidence to Be Suppressed

**{7}** Additionally, as a threshold matter, the State argues that Defendant provided inadequate notice to the State by failing to specifically identify the evidence to be suppressed. Defendant moved to suppress "any and all alleged controlled substances seized" and "[a]ll other fruits of the search and seizure" as fruits of an illegal arrest. The State claims that by failing to adequately identify the evidence that might be suppressed and the manner of police seizure of any evidence, Defendant failed to develop an argument in support of suppression and his appeal should be denied. In response, Defendant contends that the motion to suppress was fully argued and determined below. We agree with Defendant.

**{8}** Once a Defendant has raised an issue as to an illegal search and seizure claim, the burden shifts to the State to justify the warrantless search or seizure. *See State v. Baldonado*, 1992-NMCA-140, ¶ 19, 115 N.M. 106, 847 P.2d 751. In the district court, the State failed to raise its inadequate notice claim when it argued the merits of Defendant's suppression motion. At the hearing on the motion to suppress, the State called only Detective Irwin as a witness to describe the circumstances of the

6

controlled buy and, in argument, focused on whether Detective Irwin's testimony established that probable cause and exigent circumstances existed to effectuate the subsequent stop and warrantless arrest. Furthermore, the State asserted that calling additional witnesses to further develop facts, "would have been a waste of [the district court's] time insofar as they didn't observe [the controlled buy]." Under these circumstances, the State was provided adequate notice that Defendant was asking the district court to suppress the heroin sold to the CI during the controlled buy; the subsequent seizure of the controlled buy money; as well as the heroin found in the red vehicle after the stop and arrests occurred. The State recognized that this was the nature of Defendant's motion and addressed both circumstances when Detective Irwin testified at the suppression hearing. We thus hold that the State was properly notified of the evidence Defendant sought to suppress.

**IV.     Heroin Evidence From the Controlled Buy to the CI**

{9}     Next, we must address the package of heroin sold to the CI and whether the district court erred when it ruled this evidence was not subject to suppression. The heroin from the CI was obtained prior to the stop of the red vehicle and separate from Defendant's warrantless arrest. Therefore, this evidence cannot be considered fruit of the subsequent vehicle stop and arrest. *See State v. Rivas*, 2007-NMCA-020, ¶ 16, 141 N.M. 87, 150 P.3d 1037 ("The fruit of the poisonous tree doctrine bars the admission

7

of evidence obtained *after* an illegal arrest[.]" (emphasis added)). Because Defendant does not attack the events occurring during the controlled buy, the heroin purchased and delivered to the CI prior to the subsequent stop will not be suppressed. *Id.*

**V.     Sufficiency of the Evidence to Support a Conviction**

{10}     The State argues that the admissible heroin evidence obtained from the CI after the controlled buy is fatal to Defendant's appeal, as the exclusion of the controlled buy money or heroin later seized from the red vehicle would not change the outcome of this case or Defendant's guilty plea. Effectively, the State argues, where sufficient evidence in the record supports Defendant's conviction for trafficking heroin by distribution, any error regarding suppression of the additional evidence seized pursuant to the subsequent stop is irrelevant and unnecessary to support Defendant's guilty plea. Although this issue was not raised in the district court, Defendant failed to address the State's new sufficiency of evidence argument in his reply brief. *See State v. Alingog*, 1994-NMSC-063, ¶ 10, 117 N.M. 756, 877 P.2d 562 (recognizing that the state's new legal issue may only be raised for the first time on appeal when the unpreserved error resulted in a miscarriage of justice).

{11}     A conditional plea agreement enables a defendant to reserve a significant pretrial issue for appeal where a conviction seems certain unless the defendant prevails on the pretrial issue. *See State v. Winters*, 2015-NMCA-050, ¶ 17, 349 P.3d

524, *cert. denied*, 2015-NMCERT-004, 348 P.3d 695. Although we are intrigued by this new sufficiency argument raised for the first time on appeal, the State has cited to no authority to support its position that if sufficient evidence supports a conditional guilty plea regardless of the suppression issues reserved for appeal, affirmance of the underlying plea and conviction is required irrespective of Defendant's success on appeal. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). Although there could be a logical basis for the State's sufficiency argument, it is dependent on the unique facts of each particular case and would best be developed and resolved in the district court during the process of addressing a defendant's conditional plea. *See State v. Jesus-Santibanez*, 1995-NMCA-017, ¶ 10, 119 N.M. 578, 893 P.2d 474 (recognizing the general principle that an appellate court will not address issues raised for the first time on appeal, especially when the failure to raise the issue in the trial court would deprive the opposing party "of an opportunity to develop facts that might bear on the contentions"). Therefore, we do not recognize that a miscarriage of justice occurred in this instance and we do not address the State's unpreserved sufficiency argument for the first time on appeal. *See Alingog*, 1994-NMSC-063, ¶ 10. We proceed to address the remainder of Defendant's suppression arguments.

## VI. Warrantless Arrest

{12} We proceed to address the merits of Defendant's challenge to his warrantless arrest and determine whether the controlled buy money and heroin seized from the console after the subsequent stop of the red vehicle should have been suppressed. Defendant relies on the search and seizure provisions of the United States Constitution and New Mexico Constitution to challenge his warrantless arrest, arguing that the officer lacked probable cause and exigent circumstances for the arrest. *See* U.S. Const. amend. IV; N.M. Const. art. II, § 10. Because the New Mexico Constitution affords greater search and seizure protections than the United States Constitution in the context of warrantless arrests, we will focus our analysis on Article II, Section 10 of the New Mexico Constitution. *See Campos v. State*, 1994-NMSC-012, ¶ 10, 117 N.M. 155, 870 P.2d 117 (establishing that, unlike the United States Constitution, the New Mexico Constitution does "not assume that warrantless public arrests of felons are constitutionally reasonable"). New Mexico has an express preference for warrants, *see Campos*, 1994-NMSC-012, ¶ 14, and permits warrantless arrests only where it is, "reasonable for the officer not to procure an arrest warrant." *Id*. ¶ 15. For a reasonable warrantless arrest, the officer must have had probable cause to believe that the person arrested had committed or was about to commit a felony and some exigency must have existed to preclude the officer from securing a warrant. *See id*. ¶ 14. We examine

10

probable cause and exigent circumstances under a de novo standard of review, viewing the facts in the light most favorable to the prevailing party, indulging all reasonable inferences in support of the ruling and disregarding all evidence and inferences to the contrary. *See Hernandez*, 1997-NMCA-006, ¶ 18 ("[W]e review mixed questions of law and facts de novo, particularly when they involve constitutional rights."); *see Garcia*, 2005-NMSC-017, ¶ 27 ("Since the trial court is in a better position to judge the credibility of witnesses and resolve questions of fact, the factual analysis should be viewed in a light favorable to the prevailing party.").

**A.    Probable Cause for an Arrest**

{13}    Probable cause exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that [a criminal] offense has been or is being committed." *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. Defendant asserts that because neither Detective Irwin nor any other member of the police team actually observed a drug transaction take place, there was no probable cause to stop the red vehicle and arrest Defendant and Rosales. Further, Defendant argues, "[i]t was not reasonable for Detective Irwin to believe that [Defendant] engaged in drug trafficking simply because [the CI] gave a hand signal." We disagree with Defendant's characterization of the facts presented to establish probable cause.

11

{14} A warrantless arrest may be based upon information from other persons where the information is "corroborated or verified to an extent sufficient to establish the informant's credibility." *State v. Jones*, 1981-NMSC-013, ¶ 8, 96 N.M. 14, 627 P.2d 409. Here, Detective Irwin knew the CI from prior undercover work and had no reason to distrust him or believe that the information regarding Rosales was unreliable. We conclude that the CI's prior work with Detective Irwin and the corroboration of the red vehicle, location, and time of the controlled buy sufficiently establish the CI's credibility. *See Campos*, 1994-NMSC-012, ¶ 4 (recognizing that probable cause requires that officers believe, and have good reason to believe, that the persons they arrest have committed or are committing a felony); *see also State v. Morales*, 2008-NMCA-102, ¶ 19, 144 N.M. 537, 189 P.3d 670 (discussing reasonable assumptions and probable cause when drugs were sold from a vehicle and the defendant was the front seat passenger in vehicle alongside the seller during the transaction). We acknowledge that there was no indication Detective Irwin or members of the police team directly observed actual drugs being exchanged, but Detective Irwin relied on much more than a hand signal to support his belief that Defendant was engaging in drug trafficking. The CI's established credibility and the detective's indirect observation of the pre-arranged controlled buy, including the observed interactions, activity, gestures, and communication with both occupants of

the red vehicle, sufficiently established that the officers had good reason to believe the occupants of the red vehicle, including Defendant, engaged in the pre-arranged sale of heroin to the CI, a felony drug trafficking offense. *See Jones*, 1981-NMSC-013, ¶ 8. The undisputed factual basis was also set forth in Defendant's plea agreement. Based upon this evidence, the State sufficiently established the probable cause factor necessary to support a warrantless arrest.

**B.      Exigent Circumstances**

{15}      Next, we address Defendant's assertion that officers lacked the exigent circumstances required to effectuate a warrantless arrest. An exigent circumstance is an emergency situation "requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Campos*, 1994-NMSC-012, ¶ 11 (internal quotation marks omitted) (quoting *State v. Copeland*, 1986-NMCA-083, ¶ 14, 105 N.M. 27, 727 P.2d 1342). Defendant argues that Detective Irwin did not testify that he believed the money or drugs in the red vehicle were in danger of being destroyed or that there was any danger to anyone.

{16}      Our Supreme Court has recently held that an arrest pursuant to a situation where probable cause was developed on the scene "will usually supply the requisite exigency" because in such situations it would not be "reasonably practicable" to get

13

a warrant. *State v. Paananen*, 2015-NMSC-031, ¶¶ 26-27, 357 P.3d 958. Our Supreme Court has also acknowledged that there will be exigent circumstances in most cases involving vehicles. *See State v. Gomez*, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1; *see also State v. Contreras*, 2003-NMCA-129, ¶ 15, 134 N.M. 503, 79 P.3d 1111 ("[A] moving car on a public roadway presents an exigent circumstance[.]")

{17} In the instant case, officers had both probable cause and an exigency by observing the controlled buy, receiving the hand signal from the CI, and observing the red vehicle attempting to leave the scene. *Paananen* articulates that such factors typically supply exigency, and the circumstances leading to the stop of the red vehicle and Defendant's subsequent warrantless arrest demonstrate similar exigency. 2015-NMSC-031, ¶¶ 26-27. Notably, the red vehicle started leaving the scene following the completion of the controlled buy and the CI's hand signal. Detective Irwin testified that "[t]he vehicle headed south toward the alley, and [the CI] turned and walked directly back to my vehicle." Only then did the police team block the red vehicle from exiting the parking lot. Had the officers not stopped the moving red vehicle when they did, it was reasonable for Detective Irwin to presume that Rosales and Defendant would have left the scene with the controlled buy money, and any other relevant evidence related to the controlled buy would also have been lost or destroyed. *See Gomez*, 1997-NMSC-006, ¶ 40 (recognizing that the inquiry is an objective test into

14

whether a reasonable well-trained officer would have made the judgment this officer did). The decision to stop the red vehicle from leaving the scene with the controlled buy money inside was reasonable under the circumstances of this controlled buy.

{18}     Additionally, although the CI informed Detective Irwin of Rosales' identity, Detective Irwin observed two occupants in the red vehicle. Detective Irwin was unaware of Defendant's identity during the controlled buy. Had the red vehicle disappeared from the scene, Defendant could have escaped prosecution because his identity was unknown to the officers. As a result, sufficient exigent circumstances were established when the CI completed the controlled buy in the officers' presence and the red vehicle attempted to leave the scene with evidence needed to prosecute Defendant for the drug trafficking offense that had just taken place. Under the facts presented, exigent circumstances existed, and it was not reasonably practicable or necessary to get a warrant prior to stopping the red vehicle in order to arrest Defendant and Rosales.

**CONCLUSION**

{19}     For the foregoing reasons, we affirm the district court's order denying Defendant's motion to suppress the evidence seized in this case.

{20}     **IT IS SO ORDERED.**

15

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**