This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. A-1-CA-36414**

**LISA LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**J. C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Adrianne R. Turner
Adrianne R. Turner
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, entered after a jury trial, convicting her for conspiracy to commit the unlawful taking of a motor

vehicle and sentencing her under the habitual offender act to two and a half years in the in the women's correctional facility. Unpersuaded that the docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

{2} On appeal, Defendant raises three issues, which we describe and address in turn below. First, she maintains that the district court erred by permitting Mr. Bookout to offer lay opinion comparing tire tracks without first providing a proper foundation. [MIO 4-7] Our notice observed that a witness is permitted to offer lay opinion that is "rationally based on the witness's perception, . . . helpful to clearly understanding the witness's testimony or to determining a fact in issue, and . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 11-702 NMRA." Rule 11-701 NMRA. We adhere to the concept that "opinion testimony of lay witnesses is generally confined to matters which are within the common knowledge and experience of an average person." *State v. Winters*, 2015-NMCA-050, ¶ 11, 349 P.3d 524 (internal quotation marks and citation omitted).

{3} We proposed to hold that a lay person could offer an opinion that tire marks were from a dually and a trailer from the distinctive number and the size of the tire impressions, as well as the distinctive distance between the tire impressions that would

be left by a dually. We expressed our belief this could be a rational opinion based on the witness's observation of the impressions that would not require any training, scientific, technical, or other specialized knowledge. *Cf. id.* ¶¶ 10-11 (explaining that it can be within the purview of permissible lay testimony to compare shoe prints found at the scene of a theft and those outside of the defendant's house because "tread features and size, can be considered, in some instances, distinctive enough to be readily apparent to an average observer").

{4}     Defendant's response explains that Mr. Bookout testified that the tracks were from a dually truck with a small trailer and that they matched or were similar to Defendant's truck. [MIO 7] Defendant complains that the foundation was improper because Mr. Bookout did not describe what characteristics of the tracks and of the truck he observed that would allow him to opine the tracks were made from that specific truck. [MIO 7] Mr. Bookout's opinion testimony, however, was more general than professing the ability to identify a specific truck from the tracks; we construe Defendant's representation of the testimony to be that the tracks were consistent with Defendant's truck. Additionally, Mr. Bookout's testimony was based on his personal observation of the dually Defendant was driving on his ranch property, and his personal observation of the multiple tracks left by a dually truck hauling a trailer to where the ATV was stolen from his ranch property. A dually hauling a trailer would

3

leave a clearly distinct number, size, and placement of wheel tracks readily identifiable as having come from this automotive arrangement. Defendant provides no indication that Mr. Bookout was asked to provide any further technical or detailed opinion about the tracks. We are unpersuaded that further foundation for Mr. Bookout's lay opinion testimony was required. We hold that the district court did not abuse its discretion by permitting the testimony.

{5}     In her second issue, Defendant maintains that it was prosecutorial misconduct to refer to Defendant as "the person who stole the ATV," when no witness had identified her as such. [MIO 7-9]   "We review the district court's ruling on prosecutorial misconduct for abuse of discretion because it is in the best position to evaluate the significance of any alleged prosecutorial errors." *State v. Romero*, 2013-NMCA-101, ¶ 14, 311 P.3d 1205 (internal quotation marks and citation omitted). "Under an abuse of discretion standard, the district court's ruling should be upheld unless it is arbitrary, capricious, or beyond reason." *Id.* When evaluating a claim for a mistrial based on a prosecutor's improper comments, we often consider whether the comment violates a constitutional protection; whether the comment is "isolated and brief, or repeated and pervasive"; and whether the defense invited the comment. *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. These considerations

4

are evaluated "in the context of the prosecutor's broader argument and the trial as a whole." *Id.*

{6}    Defendant gives us no indication that the prosecutor repeated the statement at any point in the proceedings and does not contend that the prosecutor was the only person at trial to identify Defendant as the person who took the ATV. Defendant does not provide us with the context for her argument that we asked for in our notice, and therefore, we may now presume at least one witness later identified Defendant as the person who took the ATV. In addition, it appears that the district court stopped the prosecutor from repeating the problematic manner in which he phrased the question. [DS 5-6] Thus, the prosecutor's statement was a brief and isolated error, and there is no indication that the statement invaded a constitutional protection. *Cf. id.* ¶ 29 ("Extensive comment is more likely to cause error, whereas the general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal." (alteration, internal quotation marks, and citation omitted)). Also, there was strong circumstantial evidence presented by witnesses that linked Defendant to the stolen ATV. [RP 34-35] Based on the foregoing and our presumption of correctness in the absence of all the relevant facts, we hold that Defendant has not established that the district court abused its discretion by denying a mistrial based on the prosecutor's improperly phrased question. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109

5

N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [the] issue[s], as required by [Rule] 12-208(D)(3), we cannot grant relief on [that] ground"); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate error).

{7}  In her third and final issue, Defendant contends that a mistrial was required when Mr. Shannon, a key witness for the State and Defendant's alleged co-conspirator, refused to testify. [MIO 9-10] Defendant, again, does not provide this Court with any factual or legal basis for her motion for a mistrial, and we will not speculate about the nature of it or search for any legal or factual support for such a vague and incomplete argument. *Cf. Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("[The appellate courts] will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (observing that appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume

no such authority exists.). We hold that Defendant has not demonstrated error. *See Aragon*, 1999-NMCA-060, ¶ 10; *Chamberlain*, 1989-NMCA-082, ¶ 11.

{8}    For the reasons stated above and in our notice, we affirm the district court's judgment and sentence.

{9}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**EMIL J. KIEHNE, Judge**