This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39457**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**NICHOLAS RUIZ,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Jarod K. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Lucia Moran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Nicholas Ruiz appeals from the denial of his motion to suppress, having reserved the right to appeal such ruling in his conditional plea for trafficking controlled substances. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which includes an express motion to amend the docketing statement as well as additional arguments that we construe as a motion to amend the docketing statement. Defendant additionally filed a motion to supplement the record, which the State has opposed. For the reasons

discussed herein, we grant Defendant's motion to supplement the record, deny Defendant's requests to amend the docketing statement, and affirm.

{2}     Defendant's memorandum in opposition clarifies his assertions of error regarding the district court's denial of the suppression motion, arguing the original search warrant was not supported by probable cause, it was invalid because it failed to describe the items to be seized with particularly, and police failed to comply with the knock and announce rule. [MIO 6-11] Defendant seeks to supplement the record with a copy of the search warrant, which was not included in the district court record. [Mot. 1-3] Because the record indicates that the district court reviewed the warrant and affidavit [RP 211; MIO 5], Defendant has attached a copy of these materials to his motion, and our review of the search warrant is essential to Defendant's developed argument concerning the warrant's issuance, we grant Defendant's motion to supplement the record. Accordingly, in our consideration of Defendant's issues, we have reviewed the materials Defendant attached to his motion.

{3}     In our calendar notice, we suggested that the initial warrant was supported by probable cause on the basis that a named witness informed an officer that the missing property was located at Defendant's residence. [CN 3] In his memorandum in opposition, Defendant asserts that although a water tank resembling the stolen water tank was visible from his yard, there was no probable cause to support an inference that the other items reported stolen from the school would be found inside Defendant's house. [MIO 7] We disagree. The affidavit specifically described the missing water tank as green and having a 2-inch galvanized pipe coming out of the bottom with an elbow that faced down. Given that officers also observed a tank with this precise description located in Defendant's yard, we conclude it was reasonable to infer that additional stolen items could be located in the home. *See State v. Snedeker*, 1982-NMSC-085, ¶ 24, 99 N.M. 286, 657 P.2d 613 ("When reviewing affidavits in support of search warrants, . . . [a]ll direct and circumstantial evidence alleged, as well as all reasonable inferences to be drawn from those allegations, should be considered. A material fact need not be proved by direct evidence. It is sufficient if there is evidence from which the fact can properly be inferred." (citations omitted)); *see also State v. Trujillo*, 2011-NMSC-040, ¶ 33, 150 N.M. 721, 266 P.3d 1 ("[W]e sustain the search because some deference is due the decision of the issuing judge and because, in accordance with sound policy, close cases in this area are to be decided in favor of our pronounced preference for warrants." (footnote omitted)).

{4}     Defendant additionally asserts the search warrant was invalid because it failed to describe the items to be seized and place to be searched with particularity, and because police failed to comply with the knock and announce rule when executing the warrant. [MIO 8-10] Because these issues were not raised in Defendant's docketing statement, we construe their inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting forth requirements for a successful motion to amend the docketing statement). These matters were not raised in

Defendant's suppression motion and there is no indication that the district court considered them. [1 RP 152-54, 205-08, 211, 226-31] We therefore conclude that Defendant has failed to demonstrate his right to appeal these issues. *See State v. Winters*, 2015-NMCA-050, ¶¶ 17-18, 349 P.3d 524 (discussing conditional pleas, and explaining that "a defendant must have preserved the issue for appellate review" and "must specify the specific issue or issues that he or she is reserving for appellate review" (emphasis omitted)). We therefore deny Defendant's request that we consider these issues because Defendant has not shown they are viable. *Cf. State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (distinguishing viable arguments from those "that are devoid of any merit"), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{5}    Lastly, Defendant seeks to amend his docketing statement to assert the district court erred when it denied Defendant's motion to set aside plea, which was premised on a claim that Defendant entered a plea without fully understanding the consequences. [MIO 6, 11-12; 2 RP 274] Defendant acknowledges the record indicates he understood the maximum possible penalty of the charge he pled to; however, the memorandum in opposition asserts it is unclear whether this was discussed in any detail. [MIO 6, 11] Specifically, Defendant now speculates that it is not entirely clear whether at the time of the plea he actually knew the range of the possible sentence because Defendant's signature was located on the page of the plea agreement preceding the page explaining the maximum possible penalties. [MIO 12; 2 RP 244-45] Defendant has not explained whether he raised this issue before the district court. *See Moore*, 1989-NMCA-073, ¶ 42 (noting that an "essential" requirement to demonstrate "good cause for our allowance of a docketing statement amendment" is that "the motion must show the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal").

{6}    In addition, the explanation of penalties Defendant refers to is from a portion of the plea agreement entitled "District Court Approval" in which the district court determined, among other things, that Defendant personally appeared before the court, that he understood the range of possible sentences, and that he knowingly, voluntarily and intelligently pled guilty. [2 RP 244-26] We rely on our presumption that those determinations are correct because Defendant has not rebutted that presumption by presenting information, such as a description of what was said during the plea colloquy, to contradict or undermine the district court's determinations. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings of the district court, and the party claiming error bears the burden of showing such error). Because Defendant has not shown this issue is viable or otherwise demonstrated good cause to amend the issues, we deny the motion to amend the docketing statement.

{7}    Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must

come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Premier Tr. of Nevada, Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [trial] court has erred.").

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**